PEARCE VS. FOREMAN.

1. BANKRUPTCY: *Bill to enforce vendor's equitable lien not maintainable against a bankrupt.*

   The title to the real estate of a bankrupt passes to his assignee, and a bill to enforce the vendor's equitable lien cannot be maintained against the bankrupt.

2. VENDOR'S LIEN: *Defense of innocent purchaser for value.*

   One who sets up this defense in a proceeding to enforce the vendor's equitable lien should briefly state the contents of his deed, and show, independent of its recitals, the consideration, and that it was *bona fide* paid; and should positively deny notice before payment and delivery of the deed whether it is charged or not, and where notice is specially charged, should deny all circumstances referred to from which it could be inferred.

3.—*Burden of proof.*

   Where the defense of innocent purchaser for value is set up affirmatively, and not in response to averments of the bill, the defendant must show by the proof an actual, and fully completed, purchase for value.

4.—*Right of action where the note is transferred by delivery as collateral security.*

   Where the holder of a note for the purchase money of land delivers it to another as collateral security, without assigning it, the former may maintain a bill to enforce the equitable lien against the land.

APPEAL from *Phillips* Circuit Court.

Hon. L. H. MANGUM, Special Judge.

*Garland,* for appellant.

*U. M. Rose, contra.*

ENGLISH, C. J. This was a bill to enforce a vendor's lien, brought in the Phillips circuit court, by Thomas Pearce against John J. Foreman, alleging in substance, that on the 17th of December, 1858, plaintiff sold to defendant the S. E. 1-4 of sec. 18, T. 2 N., R. 3 E., 160 acres, for $1,120, one

third cash, and the balance in one and two years, for which notes were given. That at the time of the sale, plaintiff executed to defendant a deed for the land, which was duly acknowledged and recorded, and copy exhibited. That the note first maturing was paid. That in April, 1866, plaintiff brought suit on the second note, in his own name, for the use of Wm. D. Rice, and afterwards, in the same year, obtained judgment, on the law side of the Phillips circuit court, against defendant for $496.51, principal and interest due on the note, etc., which remained unpaid, and a transcript was made an exhibit. That the note was never assigned to Rice, but delivered as collateral security for a debt which was due to Rice from plaintiff; and that the note and judgment belonged to plaintiff. That since the judgment was obtained, defendant had been duly adjudged a bankrupt, under the provisions of the act of congress of March 2, 1867, and received his discharge. That no part of said judgment had been paid, and the same was a lien upon said tract of land. Prayer that the judgment be decreed to be a lien, and the land sold by a commissioner for satisfaction.

The deed exhibited with the bill recites the payment of the purchase money; and was filed for registration Dec. 23, 1859.

Foreman answered, admitting the purchase of the land at the time and on the terms stated in the bill, and that the deed exhibited was a copy of the original, executed to him by plaintiff. Then states that on the —— day of ——, 1859, he (Foreman) sold to one J. C. Boyd fifty acres of said tract of land, and executed his bond for title thereto, which, not being under his control, he was not able to produce. That said Boyd was a purchaser of said land for a valuable consideration, and without notice of any purchase money being due therefor from defendant. Further states, that on the 12th day of December, 1865, and before the rendition of said judgment,

he sold and conveyed to E. H. Bartlett, of Phillips county, the remainder of said tract of land, being 110 acres, which would more fully appear by reference to exhibit A., made part of his answer. That he was not the owner, and had no interest in said tract of land at the rendition of said judgment. That said Bartlett was a purchaser of said land for a valuable consideration, and without notice as to any purchase money being due therefor from defendant.

After Foreman's answer was filed, there is a record entry of 14th December, 1871, stating that the parties appeared, by their solicitors, and, on motion, leave was granted to make Edward H. Bartlett, and the unknown heirs of John C. Boyd deceased, defendants; and thereupon Bartlett entered his appearance, and a warning order was made for the unknown heirs of Boyd.

Bartlett answered. He stated that it was true, as would more fully appear by exhibit A. to Foreman's answer, that he purchased said land therein mentioned, at the time and for the consideration mentioned, and makes said exhibit his own.

That he was a purchaser of said land for a valuable consideration, and without any notice of any incumbrance on the same, or that any of the purchase money was due or unpaid, to any party. Knew nothing of the judgment mentioned in the bill, and made no answer as to that.

*Exhibit A.* to Foreman's answer, adopted by Bartlett as an exhibit to his answer, is a deed from Foreman and wife to Bartlett, for 1,180 acres of land, made up of a number of tracts, and among them 110 acres of the tract in controversy, described as the fractional S. E. 1-4 of sec. 18, etc. The deed recites a consideration of $15,000, as in hand paid by Bartlett to Foreman, and bears date 12th December, 1865.

After Bartlett answered, the plaintiff, on leave, filed an amendment to his bill, alleging, in addition to the allegations

made in the original complaint, that Foreman's discharge in bankruptcy did not operate to release him from the payment of the unpaid purchase money of said land, because of a fraud perpetrated by him upon the rights of the plaintiff, in this, to wit: that in December, 1865, Foreman was still seized of said land, and plaintiff's lien thereon for the unpaid purchase money was unimpaired, and said purchase thereby amply secured; but said Foreman being at that time largely indebted, and in failing circumstances, and in part already insolvent, violated the good faith which the said plaintiff reposed in him in delivering him a deed to said land before the full payment of the purchase money, and conveyed the said land to his brother-in-law, the said Bartlett, without notice, as said Foreman avers; that the purchase money remained unpaid, intending, by said conveyance to deprive plaintiff of his lien on said land, and debar him from ever recovering the unpaid purchase money; wherefore, plaintiff further prays that judgment *in personam* be rendered against said Foreman for said unpaid purchase money, etc.

An attorney, appointed to represent the unknown heirs of Boyd, reported to the court that he had made diligent inquiry and could learn of no heirs of Boyd, or other persons interested in the land, except those before the court. That he had no knowledge of the facts set forth in the complaint, but required strict and full proof the same.

The cause seems to have been submitted upon the above pleadings without evidence, and the court dismissed the bill for want of equity, and plaintiff appealed.

1. Had a demurrer been interposed to the original bill by Foreman, it may be that it should have been sustained. He was the only person made defendant, and the bill averred that he had been adjudged a bankrupt under the act of congress of March 2, 1867, and received his discharge. If so, and he

was the owner of the land against which appellant sought to enforce his alleged lien for purchase money, when adjudged a bankrupt, his title passed to his assignee, subject to the equitable lien of appellant for unpaid purchase money, and there remained no ground on which the bill could be maintained against Foreman.   Bump., 107; Story's Eq. Plead.; secs. 1228, 1526.

Foreman did not demur to the bill, but answered, and in his answer disclosed the fact that before he was adjudged a bankrupt, he had sold fifty acres of the land to Boyd, and given him a bond for title, and the remainder to Bartlett, and made him a deed.   If this be true, nothing passed to Foreman's assignee in bankruptcy but the legal title to the fifty acres, subject to the equitable rights of Boyd or his representatives, and of appellant.

Whether the allegations of fraud made in the amendment to the bill against Foreman, and which he did not answer, were sufficient to make him personally liable, notwithstanding his discharge, we need not decide.

2.  On the disclosure in the answer of Foreman that he had sold fifty acres of the land to Boyd, there was an attempt to make his unknown heirs parties.   Publication was ordered, without amendment of the bill or affidavit, but it does not appear to have been made.   Gantt's Dig., secs. 4528–9.

The statement in the answer of Foreman that he sold fifty acres of the land to Boyd, and gave him a bond for title, and the general averment that he was an innocent purchaser, without notice, would not be a good defense if pleaded by Boyd or his heirs, because notice at any time before the deed is executed is sufficient.

.  It was proper, however to make the legal representatives of Boyd parties.

.  3.  But Bartlett was made a party, and answered the bill,

setting up title to one hundred and ten acres of the land. He avers that he purchased the land of Foreman, at the time and for the consideration mentioned in the deed, made an exhibit to the answer of Foreman, and that he was a purchaser for a valuable consideration, without notice that any of the purchase money was due to appellant and unpaid.

This answer was too loose to make out the defense of an innocent purchaser.

To make out the defense of innocent purchaser for value, it is necessary that the purchaser should, in his answer or plea, state the deed of purchase, the date, parties and contents briefly, and that the vendor was seized in fee and in possession, and should state the consideration, with a distinct averment that it was *bona fide* and truly paid, independent of the rental of the deed; and should deny notice previous to, and down to the time of paying the money and the delivery of the deed; and if notice is specially charged, should deny all circumstances referred to from which notice can be inferred. The notice must be positively, and not evasively denied, whether it be or be not charged by the bill. *Boone v. Chiles*, 10 Pet., 210; *Ledbetter v. Walker*, 31 Ala., 177; *Wells v. Morrow*, 38 id., 128; 2 Lead. Cas. Eq., Hare & Wall., 91; *Byers & McDonald v. Fowler et al.*, 12 Ark., 286; *Miller v. Fraley et al.*, 21 id., 35; *Tuley et al. v. Ready et al.*, 27 id., 98.

Nor did Bartlett produce any evidence to sustain his answer, bad as it was. Where the defense of innocent purchaser is set up affirmatively, as in this case, and not in response to allegations of the bill, he must show an actual purchase for value fully completed, though he may not be bound to prove negatively that he had no notice at the time of the purchase. 2 Lead. Cas. Eq., Hare & Wall., 124, 125.

4. It is insisted for appellees that appellant showed no right to maintain the bill against any of the parties. That the legal

title to the debt was in Rice, for whose use appellant brought the suit at law on the note for the unpaid purchase money, and obtained judgment. There is nothing in this. The bill alleges that the note was not assigned to Rice, but delivered to him as collateral security for a debt due to him from appellant, and that the note and judgment belonged to appellant. Being the owner of the debt, he had the right to bring the bill to enforce the equitable lien upon the land, if there was any, as against parties claiming the land. *Crawley v. Riggs et al.,* 24 Ark., 563.

As to appellee Bartlett, who failed to interpose a valid defense, the bill was improperly dismissed.

The decree dismissing the bill must be reversed, and the cause remanded for further proceedings.