FRY v. STREET.

JUDICIAL SALES: *Inadequate price: Confirmation.*

Where due and legal notice of the time, terms and place of a judicial sale of land has been given and there is no fraud or unfairness in the conduct of the sale, confirmation of it will not be refused on account of its being at a grossly inadequate price.

APPEAL from *Chicot* Circuit Court in Chancery.

Hon. J. M. BRADLEY, Circuit Judge.

*D. H. Reynolds* for appellant.

The confirmation of the sale is objected to because:

1.  Misconduct of commissioner in going from place of sale to another place and informing parties that no bidders were present, and then making the sale when only those notified were present, instead of returning that he could not sell for want of bidders, when none came in response to his advertisement as ordered by the court.

2.  The price was grossly inadequate.

The court is the vendor at sales under its decrees, and will confirm or reject the sale as the law and justice require (*32 Ark., 391*), and for reasons above stated, the sale should not have been confirmed. (*1b.*) The property was sacrificed.

*U. M. & G. B. Rose* for appellee.

Appellant should have attended the sale and caused the land to bring its value. No excuse is shown for his negligence; no fraud is alleged or shown, no offer to bid more on a second sale. The court properly confirmed the decree. *2 Jones Mort., secs. 1672, 1676; 3 How. Fr., 205; 11 N. J. Eq., 235; 30 N. Y., 80; 1 Clark, N. Y., 475; 9 U. S. Dig., 271; 11 John., 566.*

There is nothing in the record to show that the lands did not bring full value. No affidavits were filed in support of the motion. *43 Ark., 404.*

SMITH, J. A decree was rendered in July, 1881, condemning certain lots in the town of Lake Village to be sold at the court house door on the third of October next ensuing. The commissioner appointed to execute the decree, reported at next term that, after giving due and legal notice of the time, place and terms of sale, he had made the sale, $500 being the best bid that was offered. The defendant excepted to the report, alleging that the parties and the public generally had forgotten the day of sale, in consequence of which no one attended and the commissioner had gone into the clerk's office and invited all who were present to participate in the biddings, that only two bids were made and the property was sold for one-fifth of its real value. But the exceptions were overruled and the sale was confirmed.

No affidavit, or other evidence of the truth of the exceptions was presented. And no offer is made to advance the bidding, nor is there even a suggestion that the property will bring a better price if a re-sale is ordered. But if it be conceded that the property has been sacrificed, this result is attributable to the defendant's own inattention and negligence. And in the absence of fraud or unfairness in the conduct of the sale, mere inadequacy of price does not invalidate a judicial sale. *Brittin v. Handy,* *20 Ark., 381; 2 Jones on Mortg., secs. 1672, 1676.*

There has been no such abuse of discretion in the Circuit Court as calls for interference at our hands.

Affirmed.