## CARDEN v. LANE.

1. **SALE:** *Fraud: Estoppel.*
   Carden's mill and fixtures were advertised to be sold under execution in favor of Lane.. He applied to Lane's attorney to postpone the sale, to give him an opportunity to pay Lane in real estate, and the attorney agreed to do so, but neither he nor Carden notified the sheriff or Lane of the agreement, and the attorney directed the sheriff to sell. On the day appointed for the sale, Carden was informed that the sheriff and Lane had gone to sell the property, in time for him to have attended and stopped the sale by giving notice of the agreement, but he omitted to do so. The property was offered for sale and purchased by Lane at a grossly inadequate price. After an unsuccessful effort to repurchase the property, Lane filed his bill to vacate the sale for inadequacy of price and the violation of the agreement for postponement. *Held:* That his own negligence deprived him of any equity for relief.

2. **SAME:** *Inadequacy of Price. Fraud.*
   A purchase by a stranger, in good faith, at an execution sale, will be protected from secret infirmities. Mere inadequacy of price will not avoid a purchase, unless knowledge of some vice in the sale, or some misconduct or wrongful act of the purchaser be shown.

APPEAL from *Polk* Circuit Court, in Chancery.
Hon. H. B. STUART, Judge.

*Z. P. H. Farr,* for appellant.

Appellant was assured that the sale was postponed, and he was thereby induced to omit raising means to meet the

debt. Such sales will be set aside. *1 Wis., 471; 3 Johns. Chy., 291; 10 Bosw., 587.*

An unfair advantage was taken of appellant, and the sale was a surprise to him, and should be set aside. *Rover Jud. Sales, sec. 422.*

While mere inadequacy of price is not sufficient of itself to set aside a sale, yet if the inadequacy is such as to raise a presumption of fraud, courts of equity will set aside the sale. *4 McLean, 241; 6 Gill, 236.*

As it was generally understood in the neighborhood that the property would not be sold, no one attended the sale, and the property did not sell for one-tenth of its value. Such a sale ought to be set aside. *2 Lett., 118; 11 Page, 201; 5 Cranch C. C., 314.*

When inadequacy of consideration is such as to amount to a badge of fraud, or together with other circumstances is such as to shock the moral sense, and particularly when surrounded by indications of hardship and unfairness, the sale will be set aside. *11 Iowa, 97; 7 Mon., 616; 26 Iowa, 283; 43 Mo., 294; 21 Cal., 56.*

When property is sold in violation of an agreement to postpone the sale, the sale should be set aside. *Freeman on Ex., sec. 310; 21 Ark., 585; 19 ib., 39.*

COCKRILL, C. J.  A saw mill and fixtures belonging to the appellant and worth between $400 and $500, were sold by the sheriff under an execution against him to the appellee for $50.  About two months after the sale and after an ineffectual effort to repurchase the property, the appellant filed his complaint in equity, against the purchaser and the plaintiff in the execution to set aside the sale.  He relies for the purpose, upon the inadequacy of the price paid by the purchaser, and the fact that he was lead by the attorney for the plaintiff in the execution to believe that the sale

Carden v. Lane.

would not take place on the day advertised, but would be postponed for the purpose of submitting to his client a proposition made by the appellant to discharge the judgment upon which the execution issued, by a conveyance of real estate to the person who owned it. The proof shows that the agreement was made and that the sale was allowed to proceed in violation of it. The appellant had no notice of the sheriff's intention to proceed with the sale until 10 o'clock of the day it was made. He was then about three miles from the place of sale, at the store house of the appellee, and was then informed that the latter had gone to the mill for the purpose of buying it under the execution. It was the day originally advertised for the sale. The sheriff had his instructions from the attorney controlling the execution, to sell; the appellant had given him no positive information of the agreement not to do so, and the appellee was not apprised of the proposition to compromise, or of the agreement to postpone the sale. He was absent from the county when the arrangement was made for postponement, and returned only the night before the sale. After receiving the information that the appellee had gone to attend the sale and bid for his property, the appellant made no effort to reach the place of sale and inform him and others who might intend to bid, of the breach of faith on the part of the attorney who controlled the execution. He might readily have done this, for the proof shows that the sale did not take place until 12 o'clock—about the usual hour for such sales. Notice to the bidder before the sale, of the agreement to postpone, would have prevented the sale, or else have rendered the purchase invalid. The owner thus had it easily in his own hands to prevent the sacrifice of his property, but he seems to have preferred to await the result of the sale and seek his opportunity to repurchase. His equities, under

Carden v. Lane.

the circumstances, cannot be said to be superior to the purchaser's.

It is the policy of this court, settled by a line of precedents, that a purchase in good faith by a stranger, at an execution sale, shall be protected from secret infirmities. *Adams v. Cummings, 10 Ark., 541; Whiting v. Beebe, 12 ib., 422; Byers v. McDonald, ib., 319; Newton's Heirs v. State Bank, 22 ib., 19; Files v. Harbison, 29 ib., 307; Youngblood v. Cunningham, 38 ib., 531; Huffman v. Gaines, MS.*

To avoid his purchase, even where the price paid is inadequate, knowledge of the vice in the sale, or some misconduct or wrongful act traceable to him, must be shown. The courts often seize upon a slight circumstance to add to the weight of the inadequacy of price to turn the scale, but it must be shown that the purchaser is in some measure responsible for it. *Cases supra. Hudgens v. Morrow, 47 Ark., 515; Adams v. Thomas, 44 Ark., 267; White v. Wilson, 14 Ves. Jr., 151; Graffam v. Burgess, 117 U. S., 180; Freeman Ex., sec. 343.*

In the case of *Newton's Heirs v. State Bank, sup.,* the effort to set aside an execution sale because there was no notice given of the sale, and the price realized was grossly inadequate, proved ineffectual, because as the court found, the purchaser had nothing to do with bringing about the improper sale and was ignorant of the infirmity.

The facts in *Williams v. Doran, 23 N. J. Eq., 385,* closely resemble those here presented. The attorney for the plaintiff in the execution had agreed that the sale should be postponed, but the sale proceeded and the defendant's property was purchased by a stranger at half its actual value; but the defendant's surprise not having been generated by the purchaser, and the fact of the intended postponement being unknown to him, the sale was allowed to stand.

The purchaser alone resists the effort to open the sale. He and the sheriff were without fault and the decree must be affirmed.