## MORROW v. McGREGOR.

JUDICIAL SALE: *Of personal property not present.*

The rule that an ordinary execution sale, by a sheriff or constable, of personal property not present at the time of sale, is void, does not apply to a sale made by a sheriff in the execution of a decree or order of sale. A sale of the latter class, although made in the absence of the property, is when comfirmed, valid, and cannot be attacked collaterally.

APPEAL from *Boone* Circuit Court.

J. M. PITTMAN, Judge.

*O. W. Watkins* for appellant.

1. The sale of personal property, by the Sheriff, when the property is not present, is void. *Freeman on Ex.*, sec. 290 and note 4; 29 Ark., 270; 31 Id., 648; Rorer on Jud. Sales, 2d ed., sec. 1283; 15 Ill., 58; 3 Murphy, 470; 9 Am. Dec., 615 and note; Freeman on Jud. Sales, sec. 31.

2. The sale being void, is not cured by confirmation. Confirmation only cures irregularities. *Freeman Void Jud. Sales*, sec. 42; id., sec. 31; 2 Kans., 72; 1 McCreary, 276, 278; 2 How., U. S., 60; Rorer on Jud. Sales, sec. 56; id., 111; 2 McCord (S. C.), 392.

*J. F. Wilson* for appellees.

1. The sale was not void, but at most an irregularity which was cured by confirmation. This was a *judicial* sale, and a sale by the Sheriff as a ministerial officer. The court having jurisdiction, all irregularities were cured by confirmation. Reviews the authorities cited by appellant and contends they only apply to ministerial sales. See *Rorer Jud. Sales, 1st ed.*, secs. 1–45, 12; 18 Vt., 394; 8 How., 546; 10 S. & M., 164;

Morrow v. McGregor.

*1 Md. Chy. Dec., 332; 2 B. Mon.. 407; Freeman Void Jud. Sales, secs. 2–9; Carolan v. Carolan, 47 Ark., 511; Waple's Proc. in Rem., sec. 85; Freeman V. Jud. Sales, sec. 42; Rorer Jud. Sales, secs. 466–7; 2 Peters, 157; 2 How., 48; 10 Pet., 450; 26 Ill., 179.*

COCKRILL, C. J.   This is an action of replevin for a cotton gin and condenser, together with the gin house in which they are located.    It is conceded that they are all personal property. The evidence is not set out, but only the court's special finding of facts, which is as follows:

"That the plaintiffs in the suit below were the owners of said property, and that they became the owners by virtue of a sale made by the order and judgment of the Boone Circuit Court; that the sale was made at the court house door in the town of Harrison, in Boone county, as the court directed, and that the property at the time of the sale thereof was not present, but was at the town of Lead Hill, in said county, more than twenty miles away from the place of sale ; that the sale was afterwards reported to said Boone Circuit Court and was by said court confirmed; that soon after the sale aforesaid the sheriff selling the same placed the appellees in possession of the property and that the defendant was in the wrongful possession thereof at the time this suit was brought against him."

Judgment was entered for the plaintiffs.   The defendant has appealed and argues that the sale of the property through which the plaintiffs derive title is shown to be void because the property was not present for the inspection of bidders at the time of the sale.

JUDICIAL SALE:          That an ordinary execution sale by a Sheriff or constable of
Of personal
property not   personal property not present at the time of sale is void, was
present.
determined in *Kennedy v. Clayton, 29 Ark., 270,* and *Rowan v. Refeld, 31 Ark., 648.*   But a Sheriff who has been appointed to execute a decree or order of sale acts by virtue of the order

and not by virtue of the office of Sheriff, and the sale is the sale of the court when confirmed. Such is our understanding of the sale in this case, and there is but slight analogy between it and a Sheriff's ministerial sale under execution. In the former class of sales the time, place, terms and manner of sale when not prescribed by statute, are regulated by the court; the court is the vendor, the order of sale, like the order of confirmation, is a judicial act (*Halleck v. Guy, 9 Cal., 181*), and either or both will be made or refused as the law or justice of the case may require (*Thomason v. Craighead, 32 Ark., 391*), and like other judicial determinations the orders are not open to collateral attack except for lack of jurisdiction to make the order.

Excellent reasons may be given why personal property should be within the views of the bidders at a public sale, and it is therefore the policy of the law to require it; but we do not think it would be wise to carry this policy to the extent of declaring that it is so far beyond the power of the Chancellor to dispense with the presence of the property as to render the action of the court a nullity. The property involved in this case would ordinarily be fixtures (*White v. Chaffin, 32 Ark., 59, 70;* see *Foster v. Mabe, 37 Am. Dec., n.*), and it partook of the nature of real estate. The court in directing the sale probably concluded that the usual order for the sale of real estate would best subserve the ends of justice.

The finding of facts does not show that the order directed the Sheriff to sell in the absence of the property; but it shows that he was directed to sell at the court house door, and the nature of the property is such that it is improbable that the court intended that it should be moved for the purpose of sale, and this view is sustained by the subsequent confirmation of the report of sale.

Affirm.