## NIX v. DRAUGHON.

### Opinion delivered May 21, 1892.

1. *Judicial sale—Inadequate price.*

Exceptions to the confirmation of a judicial sale will not be sustained because the property sold for an inadequate price if no offer is made to advance the bid.

2. *Sale of land in a body—Exception.*

Where defendant made no objection to a decree condemning his land to be sold as one tract, he cannot, after sale, for the first time, object that it was not sold in subdivisions.

Appeal from Miller Circuit Court in Chancery.

C. E. MITCHEL, Judge.

Draughon and Allen Bros. obtained judgment against Nix foreclosing a mortgage upon two tracts of land situated in the City of Texarkana, given to secure a debt of $1950. A commissioner was appointed to sell the property. After making the sale he filed his report, showing that he had complied with the order of the court and had sold each tract of land, one for $1000 and the other for $800, and that they were bid off by plaintiffs. To the confirmation of this report, defendant filed exceptions, as follows :

(*a*) " There were no bidders attending the sale except the complainants, who bid the lands off at a grossly inadequate price, to-wit : the lot described as 150 feet square is reasonably worth the sum of $2000, but was sold to complainants on their first and only bid for the sum of $1000.

(*b*) " The second tract of land sold lies in the city limits, is 360 feet square and is susceptible of division into fourteen lots, and, if so subdivided, would sell for a much greater sum than if sold without subdivision. This lot, containing about three acres of land, was not subdivided by the commissioner, but was sold in gross for the sum of $800. The sale, conducted as it was, amounts to a judicial confiscation of defendant's property, and a loss of $3200 to pay a debt of $1800. For these reasons, the court being the vendor and complainants being amply secure in their mortgage rights and lien on the property, defendant appeals to the court to exercise its legal and equitable discretion and set the sale aside. The first described piece is his homestead, and ought not to be sacrificed wantonly. The second piece ought to be subdivided into lots before resorting to the homestead."

Affidavits in support of these exceptions were introduced. The court declined to set aside the sale, but granted defendant fifteen days in which to procure an advance of the bid in amount sufficient to equal ten per cent. of the purchase price at commissioner's sale. After lapse of fifteen days, there being no offer to advance the bid, the report was confirmed. Defendant has appealed.

*John Hallum* and *E. F. Friedell* for appellant.

1. The land sold at a grossly inadequate price. Property should not be sacrificed. 20 Ark. 653 ; 32 *id.* 391.

2. The acre tract should have been subdivided. Cases *supra* and 23 Ark. 661.

Scott & Jones for appellee.

No collusion or unfair dealing is charged. Simply an inadequate price is alleged. No application to the court was made to have the tract subdivided. It is rather late to complain now. As to the practice in making resales, see 13 Fed. Rep. 871; 3 id. 689.

1. Judicial sale not set aside for inadequacy of price. HEMINGWAY, J. The sale was made in accordance with the decree, and there was no showing that it was conducted fraudulently or unfairly. The fact that the lands sold for an inadequate price was not sufficient to entitle the defendant to a resale, and the court did not err in refusing to order one. Fry v. Street, 44 Ark. 502; Blackburn v. Selma Ry. 3 Fed. Rep. 689; 2 Dan. Ch. Pr. (4th ed.), 1285.

2. Validity of sale of land in a body. The defendant cannot complain that the three acre tract was sold in a body. The decree condemned it as one tract, and if he wished it to be sold in subdivisions, he should have asked the court to so order or the master to so offer it. He could not remain silent with regard to the matter until the sale was made, and afterward be permitted to insist upon it by way of objection to confirming the sale.

Affirmed.