## COOPER *v.* RYAN.

Opinion delivered November 12, 1904.

1. APPEAL—FINAL JUDGMENT.—A decree foreclosing a mortgage and appointing a commissioner to sell the mortgaged property is a final judgment, from which an appeal must be taken within one year. (Page 40.)

2.  JUDICIAL SALE—INNOCENT PURCHASER.—A purchaser at a judicial sale who had notice of facts which would avoid the sale before the deed was executed and the purchase money paid cannot claim protection as an innocent purchaser. (Page 40.)

3.  SAME—WHEN CONFIRMATION SET ASIDE—Where the notice of a judicial sale of lots in a town failed to name the block in which the lots were situated, and therefore did not describe the land so that it could be designated by any one without extrinsic aid, and the property sold for a grossly inadequate price, the confirmation of the sale will be set aside and a resale ordered. (Page 41.)

Appeal from Hot Spring Chancery Court.

LELAND LEATHERMAN, Chancellor.

Reversed.

John H. Ryan brought suit in equity against Francis A. Cooper and W. T. Cooper to foreclose a mortgage on lot 10 and west half of lot 11 in block 3 in Keith's addition to the town of Malvern. On January 17, 1901, a decree of foreclosure was rendered, and a commissioner was appointed to sell the property, after giving due notice.· In the notice of sale the property was described as "lot 10 and the west half of lot 11 in block, in Keith's addition to the town of Malvern." ·The commissioner reported that, after giving due notice, the property was, on April 6, 1901, sold to Andrew I..Roland. Exceptions to the commissioner's report of sale by defendants were at the June Term, 1901, filed and overruled. On March 17, 1902, defendants prayed an appeal from the decree of foreclosure and from the order and decree overruling the exceptions to the commissioner's report of sale. The facts sufficiently appear in the opinion.

*Henry Berger* and *Morris M. Cohn,* for appellants.

The decree of foreclosure was improper as to Mrs. Cooper. 66 Ark. 113, 121; 35 Ark. 365; 39 Ark. 238; 29 Ark. 351. The sale ordered was improper. Sand. & H. Dig. § 5859; 31 Ark. 229; 37 Ark. 39; 129 U. S. 73. The sale was not properly advertised. 65 Ark. 142; 51 Ark. 34; 61 Ark. 259; 48 Ark. 238. The notice of sale improperly described the property. Rorer,

Jud. Sales, § 600; 18 Ark. 85; 41 S. W. 553; 9 Md. 229; 82 Md. 127; Tied. Sales § 260; 30 Ark. 657; 35 Ark. 470; 48 Ark. 419; 60 Ark. 487; 69 Ark. 357; 1 S. W. 794, 264; 59 Ark. 460; 20 Ark. 652. Notice before payment of purchase money is sufficient to deprive purchaser of the character of a *bona fide* purchaser. 32 Ark. 251; 12 Ark. 278; 53 Ark. 137; 6 Mich. 404; 11 Bank. R. 125; 5 Sneed, 531; 3 Dana, 540; 3 Bibb, 216; 6 Monr. 110. A bidder at a judicial sale takes under the rule *caveat emptor,* and is not a *bona fide* purchaser. 53 Ark. 445; 34 Ark. 346; Rorer, Jud. Sales, § 1; 62 Ark. 215; 53 Ark. 445; 34 Ark. 346; 62 Ark. 215.

*E. H. Vance, Jr.,* for appellee.

The appeal should be dismissed. Acts 1899, p. 111; 69 Ark. 281; 70 Ark. 83. The questions raised by appellants have been raised in this court for the first time, and will not be considered. 46 Ark. 96; 51 Ark. 351; 54 Ark. 442; 55 Ark. 213; 56 Ark. 263, 499; 66 Ark. 133; 70 Ark. 197. The chancellor's findings will be sustained unless there is a preponderance of the evidence against them. 44 Ark. 216; 49 Ark. 465; 68 Ark. 134. A purchaser at an execution sale, acting in good faith, will be protected. 48 Ark. 219; 29 Ark. 315; 14 Ark. 12; 12 Ark. 218; 22 Ark. 19; 15 Ark. 209; 47 Ark. 229; 44 Ark. 502; 56 Ark. 242. Confirmation of sale will not be refused for grossly inadequate price in the absence of fraud and unfairness. 44 Ark. 502; 56 Ark. 240; 23 Ark. 39; 53 Ark. 113.

*Henry Berger* and *Morris M. Cohn,* for appellants in reply.

No presumptions which contradict the record are indulged. 55 Ark. 213; 50 Ark. 390; 18 Wall. 350; Freeman, Judg. § 125; 48 Ark. 238; 18 Wall. 366. The terms of a judicial sale cannot be modified. 10 Oh. St. 557. The appeal was duly taken. 56 Ark. 516; 33 Miss. 153; 8 Pet. 128, 146. When positive enactments require personal notice, before an act can be done, the act is wholly void if such notice is not given. 2 Ark. 149; 3 Ark. 529; 6 Ark. 447; 10 Ark. 101; 9 Ark. 336; 34 Ark. 529; 15 Ark. 9; 54 Ark. 58; 55 Ark. 473.

Wood, J.   This is an appeal from a decree foreclosing a mortgage, and from an order of the court confirming the sale of the commissioner who was appointed to carry out the decree. The decree of foreclosure was rendered on January 17, 1901. The transcript was filed and appeal granted by the clerk of this court March 17, 1902—more than one year after the decree.   It follows that the motion to .dismiss the appeal from the decree of foreclosure should have been granted.   Acts 1899, p. 111; *Spratlin* v. *Haller,* 69 Ark. 281; *Rankin* v. *Schofield,* 70 Ark. 83.

The order of the court at its June term, 1901, confirming the sale made by the commissioner, was a final order, and from that the appeal was taken in time.

The appellants objected to the confirmation of the sale because the notice of sale described the property to be sold as "lot 10 and the west half of lot 11, in block, in Keith's addition to the town of Malvern," omitting to name the block in which the lots were situated.   And appellants alleged that other blocks in Keith's' addition contained lots 11 and 12, and that the failure to name the particular block in which these lots were situated "was calculated to deter and mislead bidders, and to depreciate the value of the property and prevent it from bringing a fair price, to the prejudice of the petitioners."   The purchaser at the sale, A. I. Roland, set up in answer to the exceptions to the report of the commissioner that he, Roland, was an innocent purchaser, that he had examined the record of foreclosure before purchasing to see whether there were other incumbrances, that he knew nothing of any irregularity in the description alleged, that he had paid $340 to the commissioner for the land, and had paid taxes, insurance, etc.

Appellants proved by the affidavits of various witnesses that the lots were worth from $600 to $1,000, and there was no proof to the contrary.   There was a recital in the decree to the effect that the title was reserved until the sale was approved by the court and the purchase money was fully paid.   Roland avers that he read the decree of foreclosure; hence he had actual knowledge of this provision.   He did not pay the amount of his bid until the court had approved the report of the commissioner.   An appeal was prayed for and granted by the court below from the order approving the commissioner's report.   Roland paid the purchase

money after this. He was therefore no stranger to the proceedings, and, having knowledge of the facts alleged to avoid the sale before the deed was executed and the purchase money paid, he was not an innocent purchaser. *Byers* v. *Fowler,* 12 Ark. 278; *Duncan* v. *Johnson,* 13 Ark. 190; *Pearce* v. *Foreman,* 29 Ark. 563; *Wilson* v. *Slaughter,* 53 Ark. 137. The doctrine of innocent purchaser does not apply to a case like this. It is not the case of a stranger at execution sale being protected from secret infirmities. *Carden* v. *Lane,* 48 Ark. 216. The cases cited by appellees on this head are not in point. The doctrine announced in *Wells* v. *Rice,* 34 Ark. 346, *Neal* v. *Andrews,* 53 Ark. 445, and *Greer* v. *Anderson,* 62 Ark. 215, is applicable here.

In *Greer* v. *Anderson, supra,* we said: "It must be remembered that, in sales of this character, the whole matter remains *in fieri,* and under the control of the court, until confirmation. Courts may generally be expected to confirm sales which have been conducted according to the directions and upon the terms prescribed by them, unless intervening circumstances should make it unwise or unjust to do so. But they are not compelled to confirm them, and no purchaser at such a sale has the right to rely absolutely upon the order of the court directing the sale and the fact that the agent of the court has pursued the terms prescribed in making sale."

Where, however, due and legal notice of the time, terms and place of sale has been given, and the sale has been conducted fairly and in accordance with the decree of the court making it, this court will not set aside an order of confirmation on account of inadequacy of price. *Fry* v. *Street,* 44 Ark. 502; *Nix* v. *Draughon,* 56 Ark. 240. But in this case there was a grossly inadequate price, caused, it appears to us, by the failure of the commissioner to give sufficient notice of the land to be sold. Indeed, the notice given did not describe the land so that it could be designated by any one without extrinsic aid. Keith, the man who laid off the addition, said that he could not tell from the notice what land was meant to be sold. Without such notice as would apprise the general public of the land to be sold, the object of the law would not be attained, which is to encourage bidders and have the land bring as high a price as possible, so as to conserve the interest of all parties to the suit, especially the debtor. Tiedeman on Sales, § 260.

That the notice in failing to name the block in which the lots were situate contained a patent ambiguity which rendered it ineffectual to carry out the purpose of notice, we think is clear. Tiedeman, Sales, § 260; See *Tatum* v. *Croom,* 60 Ark. 487, and *Cooper* v. *Lee,* 59 Ark. 460, on insufficient description of land in notice and deed.

The plaintiff in the foreclosure is not objecting to a resale, and justice will be best subserved by setting aside the confirmation and directing another sale.

The cause is therefore reversed and remanded, with directions to the lower court to proceed accordingly.