CHAPMAN & DEWEY LAND COMPANY *v.* FICKINGER.

Opinion delivered February 3, 1908.

LEVEES—TAX SALE—LIMITATION.—The statute authorizing the St. Francis Levee District to enforce collection of levee taxes provides that "at any time within three years after the rendition of the final decree of the chancery court" the owner of the land may show that the taxes have been paid. *Held,* that the time runs from the date of the decree declaring the lien and condemning the land to be sold, and not from the final order of the court confirming the sale.

Appeal from Mississippi Chancery Court; *Edward. D. Robertson,* Chancellor; affirmed.

*W. J. Lamb* and *R. W. Balch,* for appellant.

The only question is as to when the final decree was rendered. Appellant contends that, inasmuch as the decree declaring the lien left something still to be done before it could be effectuated, that decree was not final, but interlocutory merely, and that the decree confirming the commissioner's report and approving the sale is the final decree. The language of the act itself shows that the latter is intended as the final decree. Acts 1893, p. 24; Acts 1895, p. 88; 3 Blackstone, 398; 13 Am. & Eng. Enc. of L. 27; 1 Ark. 391; 34 Ark. 117; 13 Ky. Law Rep. 300; 1 Rob. (Va.) 20; 66 Ark. 490; 77 Ark. 242.

*J. T. Coston,* for appellee.

The final decree is the decree condemning the land to be sold, made so by the act itself. Acts 1895, p. 89; *Id.* 91; 85 S. W. 953-4.

McCULLOCH, J. The statute authorizing the Board of Directors of St. Francis Levee District to enforce the collection of levee taxes in chancery courts provides that "at any time with-

in three years after the rendition of the final decree .of the chancery court" the owner of the land proceeded against may show that the taxes on the land have been paid and have the decree set aside. Acts 1895, p. 88.

The question presented in this case is whether the prescribed time runs from the date of the decree declaring the lien and condemning the land to be sold or from the final order of the court confirming the sale, made pursuant to the decree. We are clearly of the opinion that it runs from the date of decree declaring the lien. That is the final decree of the court, within the meaning of the statute, because it is the adjudication by the court that the taxes are due and unpaid. The Legislature evidently intended to give the landowner three years from that time within which to show that he had paid the taxes and that the adjudication was erroneous. The decree declaring a lien for the taxes and ordering sale of the land was a final decree, in the sense that it was appealable, under the statute providing that appeals may be taken from final orders, judgments, etc. *Cooper* v. *Ryan*, 73 Ark. 37; *Memphis L. & T. Co.* v. *St. Francis Levee Dist.*, 64 Ark. 258. The decree is final and disposes of the rights of the parties, notwithstanding there are further proceedings to be had in this case.

Affirmed.