## McCown et ux. v. Damron's Administrator.

(Decided November 8, 1929.)

J. H. ADKINS for appellants.

W. K. STEELE for appellee.

Opinion of the Court by Drury, Commissioner—Affirming.

The trial court dismissed the petition filed by Mc-Cown and wife, and they have appealed. About 7 or 8 years ago J. M. J. Damron sold to McCown two tracts of land; for one McCown was to pay $800, for the second $2,500. McCown sold to T. J. Phillips the $2,500 tract, and he says Phillips was to pay the $2,500 purchase money to Damron, but it seems Damron did not consent to that arrangement, and he held on to the notes that had been given him by McCown.

About four years ago, Damron sued McCown upon the $2,500 notes, after allowing certain small credits thereon. McCown did not answer, judgment went against him, the land was sold in satisfaction thereof, bought in by Damron for $1,500, the sale was confirmed, and an execution issued against McCown for the unsatisfied balance of the judgment.

Thereupon McCown awoke and brought this suit in equity seeking to set aside that judgment, the sale made thereunder, and to quash the execution issued for the unsatisfied balance of the judgment.

He claims there were certain credits he should have been allowed, but he failed to prove them. He knew as much about them when he was sued as he does now, and he should have asserted them then. He says Damron lulled him into a feeling of security by telling him he would bid the amount of his debt, interest, and cost for this property and failed to do so. Damron denies that, but, if that were established and waiving all questions of its enforcibility, he knew when the sale was reported Damron had not done so, yet he allowed the sale to be confirmed without filing any exceptions. For this same reason we cannot consider his allegations of irregularities in the appraisement. He had his day in court, he took no steps then, he cannot be heard now. Equity favors the vigilant.

The judgment is affirmed.