### COMSTEDT et al. v. GILMORE et al.
### Nos. 6492, 6547.

Circuit Court of Appeals, Third Circuit.

May 3, 1938.

John E. Cupp and John Barbe Cupp, both of Williamsport, Pa. (Mortimer C. Rhone, of Williamsport, Pa., of counsel), for appellants.

Cravath, de Gersdorff, Swaine & Wood, of New York City (Chester A. McLain and Howard C. Petersen, both of New York City, of counsel), for appellee Bethlehem Steel Co.

Fearey, Allen & Johnston, of New York City, and O'Malley, Hill, Harris & Harris, of Scranton, Pa., for appellee National City Bank of New York, trustee.

McCormick, Herdic & Furst, of Williamsport, Pa. (Henry Alan Johnston, of New York City, of counsel), for appellee West Branch Bank & Trust Co., trustee.

Before BUFFINGTON and BIGGS, Circuit Judges, and DICKINSON, District Judge.

DICKINSON, District Judge.

These appeals are from the decree of the District Court in a mortgage foreclosure bill. A sale was had and confirmed by the court. The practical question is whether a better price could be secured on a resale. The appellants are the victims of a condition which confronts those who owe and those who own corporate mortgages. The mortgage premises have no market value. A sale is no more than a transfer of title. The transfer is always made at the expense of the mortgagor and also when the mortgage is held by bondholders, very often at the expense of those bondholders who do not become purchasers at the foreclosure sale. Such is the case here.

The court was confronted with a very real situation. There was and is no assurance that a better price would be obtained on a resale and every probability that it would not. The terms of sale are criticized because the purchaser was required to pay, in addition to his bid, an unknown and indefinite sum to cover what the court might afterwards allow for the expenses of the court proceeding. This, it is charged, was a deterrent to bidders. The reason for this unusual provision was doubtless due to the doubt whether the mortgaged premises would sell for more than a nominal sum, thus leaving the expenses unpaid. It might have been provided for by fixing an upset price. Had this been done and the price bid been fixed as the upset price, the stockholders as owners would have been no better off and bondholders, who are not purchasers, if there are any, would be worse off. The confirmation of a judicial sale is an appeal to the discretionary judgment of the court conducting it. The real question is one of price. The real objection to a confirmation is that prospective bidders were discouraged from bidding by the uncertain-

ty of the sum bid and that, if this was made definite, a better price would have been bid. This of course may be true, but on the other hand a better price might not be obtained. The court may well refuse to set aside a sale for inadequacy of price without some reasonable expectation that a higher price will be bid at a resale.

The assignments of error are overruled and the decree of the District Court affirmed.