SUMMARS *v.* WILSON.

4-7079                                       171 S. W. 2d 944

Opinion delivered May 24, 1943.

924

W. A. Leach, for appellant.

John W. Moncrief, for appellee.

McFADDIN, J. This appeal presents the question whether the chancery court abused its discretion in refusing to confirm a commissioner's report of sale. Several years ago, three tenants in common (the Montgomery heirs) filed suit for partition of certain land. After various proceedings, the court, on March 2, 1942, made an order of sale. The commissioner conducted the sale on March 26, and appellant Summars made the highest and best bid of $2,550 for the lands, and executed his bond for the purchase price due in ninety days. The sale was reported to the court on May 18, and on that day disapproved, but no new sale was ordered. Immediately after the sale of March 26, Summars went into possession of the premises, but after the sale was disapproved on May 18, Summars vacated the lands. With the matters in that condition, the Montgomery heirs united in a general warranty deed to appellee, McCollum, conveying the lands for $2,681. McCollum had the title examined by a lawyer, and required the vendors to pay some tax or probate item approximating $100; and an

abstract item of $31: thus leaving the net at $2,550. On July 18, McCollum paid this money to the heirs and had the deed placed of record and went into possession and made a contract of some kind with the appellee, Wilson.

In the meantime, on June 23 (approximately 89 days after the commissioner's sale previously mentioned), Summars filed a petition in the partition suit praying that the order of May 18 be set aside, and "that said sale be in all things approved and that deed be ordered to issue to him upon the payment of the purchase money"; but Summars did not pay the money to the commissioner or the court. On July 27 the court was in session, and granted Summars' petition and made an order rescinding the disapproval order of May 18 and approving the sale. But the attorney who represented McCollum and Wilson was absent at the time that this order of July 27 was made, and the court had stated in open court that no order would be made that day in any case in which said attorney was interested. Evidently forgetting that statement for the moment, the court granted Summars' petition and made the order rescinding the order of May 18 and approving the sale. But still Summars neither paid the money, nor received the deed.

On August 1, counsel for McCollum and Wilson, learning of the order of July 27, filed a petition to vacate the order of July 27, and to restore the order of May 18. On the same day—August 1—there was a hearing before the court in which all sides were duly represented (and the testimony at that hearing is the only testimony in the record before us on this appeal); and the court rescinded and vacated the order of July 27 and restored its order of May 18, thus leaving the sale to Summars as disapproved. Summars had in the meantime made a contract with Bauer; and from the order of August 1, Summars and Bauer prayed this appeal out of this court on January 30, 1943.

At the outset, we point out that the terms of the chancery court for the Northern District of Arkansas county, as fixed by § 2798 of Pope's Digest, are the first Monday in March and October; so there is no question

in this case of any lapse of the term. All the orders involved were made at the same term. In *Ashley* v. *Hyde,* 6 Ark. 92, 42 Am. Dec. 685 (decided in 1845), it was stated: "During the term at which judgment is rendered, the power of every court of record to set aside, vacate and annul its judgments and orders, is undoubted. This is a power of daily exercise by the courts, in the granting of new trials, arrests of judgment and in other proceedings of like character. Its exercise and propriety cannot be questioned; it is based upon the substantial principles of right and wrong, and for the furtherance of justice. . . ." In that case, there was involved a judgment of the Supreme Court. The same rule has been applied to chancery courts. (*Security Bank* v. *Speer,* 203 Ark. 562, 157 S. W. 2d 775); circuit courts (*Wells Fargo & Co.* v. *Baker Lumber Co.,* 107 Ark. 415, 155 S. W. 122); and county courts (*Democrat Ptg. & Litho. Co.* v. *Van Buren Co.,* 184 Ark. 972, 43 S. W. 2d 1075). There can be no doubt of the power of the chancery court to set aside its order of July 27 and reinstate its order of May 18.

We conclude that the order of July 27 was made by inadvertence and while the court was momentarily forgetful of its statement made in open court to counsel for appellees, McCollum and Wilson, to the effect that no order would be made that day in any case in which said counsel was interested; and we further conclude that the order of August 1 was made by the court to remedy its said inadvertence and forgetfulness. There is no indication that appellants' attorney knew of the said statement when he obtained the order of July 27; and not the slightest reflection can attach to any of the attorneys in this case or to the court.

The appeal from the order of August 1 raised the question of whether the court abused its discretion in setting aside the order of July 27 and restoring its order of May 18; and we find no abuse of discretion by the trial court. In *State National Bank* v. *Neel,* 53 Ark. 110, 13 S. W. 700, 22 Am. St. Rep. 185, Justice HUGHES, speaking for the court, said: "In judicial sales the court is

the vendor, and it may confirm or refuse to confirm a sale under its order, in the exercise of a sound judicial discretion. *Penn* v. *Tolleson*, 20 Ark. 652; *Sessions* v. *Peay*, 23 Ark. 39; *Thompson, et al.,* v. *Craighead, et al.,* 32 Ark. 391; *Morrow* v. *McGregor*, 49 Ark. 67, 4 S. W. 49; Rorer on Judicial Sales, §§ 124, 126, 128, 394, 395, 396." See, also, *Miller* v. *Henry*, 105 Ark. 261, 150 S. W. 700, Ann. Cas. 1914D), 754, and *Wells* v. *Lenox*, 108 Ark. 366, 159 S. W. 1099, Ann. Cas. 1914D, 11.

Judicial sales are not to be treated lightly. The courts should not reject a sale and refuse a confirmation for captious reasons, but only in the exercise of sound discretion. The trial court is vested with sound judicial discretion in these matters; and the appellate court, in reviewing the action of a trial court to see if there has been an abuse of discretion, does not substitute its own decision for that of the trial court, but merely reviews the case to see whether the decision was within the latitude of decisions which a judge or court could make in a case like the one being reviewed. Just as the law's standard of conduct is the ordinary, reasonable, prudent man, so in reviewing the exercise of discretion, the test is whether the ordinary, reasonable, prudent judge, under all the facts and circumstances before him, would have reached the conclusion that was reached. Viewed in the light of the facts herein, we cannot say that the trial court abused its discretion in refusing to allow Summars to complete his purchase.

Certain equitable maxims were flaunted by the appellant, Summars, and in violating these maxims he gave the court full grounds to refuse him any relief. The maxim, "He who seeks equity must do equity," applies in this case. See Simkins on Equity, p. 109; Pomeroy's Equity Jurisprudence, 5th Edition, § 385. Summars made his bid and bond on March 26. He agreed to pay the bid in ninety days. That time expired on June 24, yet, at the hearing on August 1, Summars still had not paid the money to the commissioner, and on the hearing it was admitted by his counsel that Summars did not have the money that day "but would get it Monday" if the court

confirmed his sale. Thirty-eight days after the bond was past due, Summars was in poor grace to ask a court of equity to confirm a sale to him when he had not done equity by at least showing his ability and good faith and paying the money to the commissioner or the court.

The maxim, "Equity aids the vigilant, not those who slumber on their rights," might also apply here. Summars saw the sale set aside on May 18, surrendered possession, stood by and did nothing while the original owners settled their differences and executed a deed to McCollum. After all that had taken place, Summars then sought the aid of the court to upset the family settlement made by the Montgomery heirs and the deed to McCollum, and sought the aid of the court to have Summars' previously discarded offer reinstated. In *Roberts* v. *Harper,* 202 Ark. 1197, 155 S. W. 2d 574, this court had before it a case where a purchaser at a judicial sale had admittedly defaulted on his bond. Summars should have sought to sustain his purchase on May 18, and should not have waited until August, and let the rights of other parties intervene. See, also, *McCown* v. *Damron's Admr.,* 231 Ky. 421, 21 S. W. 2d 653.

The court had the right, upon the failure of Summars to pay the money, to set the sale aside. In 31 Am. Jur. 514, it is stated: "Where the purchaser fails to comply with his bid and fulfill his contract of purchase, there are several courses open to the court: (1) it may set aside the sale, release the purchaser, and decree a resale. . . ."

On August 1, Summars had failed to comply with his bond, and the court had a right to set aside the sale; so there was no abuse of discretion.

Finding no error, the decree is affirmed.