MULKEY *v.* WHITE.

4-9561                                    242 S. W. 2d 836

Opinion delivered October 22, 1951.

*Ralph E. Wilson* and *Bruce Ivy*, for appellant.

*W. H. Fisher, Louis Peiser*, and *Frank C. Douglas*, for appellee.

ED. F. McFADDIN, Justice.    The question is, whether the Chancery Court abused its discretion in refusing to approve the Commissioner's report of sale.

In a partition suit between the heirs of Tom Washington, the Chancery Court ordered the Commissioner in

Chancery to sell the 40-acre farm owned by the parties, some of whom were minors. The sale was held on September 16, 1950; and appellant, D. E. Mulkey, became the purchaser for a bid of $975. He was not one of the parties in the partition suit. On September 18, 1950, when the sale was reported by the Commissioner, all of the heirs of Tom Washington protested the approval of the sale. After hearing testimony, the Chancery Court sustained the objections and refused to approve the sale; and Mulkey has appealed.

At the outset, certain well established holdings may be stated as applicable:

(1) Mere inadequacy of price, unless so great as to shock the conscience or amount to evidence of fraud, will not justify the Court in refusing to approve the sale. *Nix* v. *Draughon,* 56 Ark. 240, 19 S. W. 669; *George* v. *Norwood,* 77 Ark. 216, 91 S. W. 557, 113 Am. St. Rep. 143, 7 Ann. Cas. 171; and see other cases collected in West's Arkansas Digest, "Judicial Sales," paragraph 39.

(2) When great inadequacy of price is shown, the Courts will seize upon slight circumstances to go along with the inadequacy of price and justify a refusal to approve the sale. *Stevenson* v. *Gault,* 131 Ark. 397, 199 S. W. 112, and Ann. Cas. 1918E, 433.

(3) In judicial sales the Court is the vendor, and, in the exercise of a sound judicial discretion, it may confirm or refuse to confirm a sale made under its order. The Courts will not reject a sale and refuse a confirmation for captious reasons, but only in the exercise of sound discretion. The trial court is vested with sound judicial discretion in these matters; and the appellate court, in reviewing the action of a trial court to see if there has been an abuse of discretion, does not substitute its own decision for that of the trial court, but merely reviews the case to see whether the decision was within the latitude of decisions which a judge or court could make in a case like the one being reviewed. *Summars* v. *Wilson,* 205 Ark. 923, 171 S. W. 2d 944.

Applying the rationale of such holdings to the case at bar, it is clear that the Chancery Court did not abuse

its discretion in refusing to approve the sale. In ordering a resale, the Court had ample evidence to justify its findings:

"That heretofore an order was made in the partition suit to sell the land above described for division among the plaintiffs and the defendants, and the Commissioner of this Court advertised said sale and held the sale September 16, 1950, and at that time there were none of the parties present or represented, and the sale attracted only two bids, the highest being only for $975; that this offer is far below any reasonable value of said lands, was not a competitive bid, and because of the misunderstanding among the parties as to the time and place of said sale, and the inadequate price offered for the land, the said sale was not fair and reasonable, and should be set aside and a new sale ordered, because offers of $100 or more per acre have been made in open court, showing that said land is desirable and will bring a fair price."

To summarize: the Chancery Court found that the price was inadequate and also that there were other circumstances sufficient to justify a refusal to approve the sale. Salient facts shown by the evidence are, that the representatives of the minors had without fault relied on one adult heir who agreed to commence the bidding at $4,000; and that such adult heir was not present at the sale because of a misunderstanding. We hold that the chancery court did not abuse its discretion in ordering a resale.

Affirmed.