Young *v.* Young.

5-241                                    262 S. W. 2d 914

Opinion delivered December 21, 1953.

*Hebert & Dobbs,* for appellant.

*H. A. Tucker,* for appellee.

Ed. F. McFaddin, Justice.  The only question on this appeal is, whether the Trial Court abused its discretion in refusing to approve the Commissioner's Report of Sale.  We hold that no abuse of discretion has been shown, within the purview of our cases, some of which are *Mulkey* v. *White,* 219 Ark. 441, 242 S. W. 2d 836; and *Summars* v. *Wilson,* 205 Ark. 923, 171 S. W. 2d 944.

Mr. and Mrs. Young had been husband and wife; the real estate had been acquired after the effective date of Act No. 340 of 1947;[1] and in dividing the property rights of the parties in the divorce action, the Court ordered a sale and a division of the proceeds.  It is not claimed that the property was homestead; and no question is presented as to any of the proceedings prior to the order of sale.  The decree provided for sale for cash;[2] but the Commissioner sold the property on a credit of 3 months.  Mr. Young, or his attorney, had the abstract of title and did not deliver it to Mrs. Young's attorney until the day before the sale, and only after

[1] In *Jenkins* v. *Jenkins,* 219 Ark. 219, 242 S. W. 2d 124, we held that the Act No. 340 of 1947 could not validly be invoked against entirety estates created *prior* to such act; and in *Price* v. *Price,* 217 Ark. 6, 228 S. W. 2d 478, we recognized the Act No. 340 as valid when applied to entirety estates created subsequent to such act.  The latter is the situation existing here.

[2] The sale herein was a partition sale, under the provisions of § 34-1801, *et seq.,* Ark. Stats.; and the Chancery Court had the power, under § 34-1827, Ark. Stats., to order the property sold for cash.  See *Overton* v. *Porterfield,* 206 Ark. 784, 177 S. W. 2d 735.

828

petition filed in the case. At the sale, the property, shown to be worth $7,000.00, was sold to Mr. Young for $4,000.00, after he had voluntarily raised his own bid of $3,000.00. In resisting the approval of the Commissioner's Report of Sale, Mrs. Young showed that she could and would have borrowed $6,000.00 to use in bidding on the property, if she had received the abstract in ample time.

In *Mulkey* v. *White, supra*, we said:

"When great inadequacy of price is shown, the Courts will seize upon slight circumstances to go along with the inadequacy of price and justify a refusal to approve the sale."

The property here involved sold for a grossly inadequate price; and the other factors that the Court undoubtedly seized on were (a) the matter of the abstract, as previously stated; and (b) the error of the Commissioner in having the sale on credit instead of having it for cash, as directed by the Court.[3]

Affirmed.

---

[3] This last mentioned matter, in itself, would be sufficient to justify the refusal of the confirmation of the sale when linked with a showing that the appellee was prejudiced thereby. See *Johnson* v. *Campbell*, 52 Ark. 316, 12 S. W. 578.