JULIAN VILLANUEVA and others, Appellee

v.

OSSIE LOCKHART DANIEL, Appellant

No. 73-2091

United States Court of Appeals

Third Circuit

Argued December 2, 1974

Filed March 13, 1975

RONALD T. MITCHELL, ESQ., (PALLME, ANDUZE & MITCHELL), St. Thomas, V.I., *for appellant*

ROGER L. CAMPBELL, ESQ. (LOUD & CAMPBELL), St. Thomas, V.I., *for appellee*

Before SEITZ, *Chief Judge;* VAN DUSEN and ROSENN, *Circuit Judges*

### OPINION OF THE COURT

SEITZ, *Chief Judge*

Julian Villanueva and other creditors obtained judgments against defendant-appellant ("debtor") in the Municipal Court of the Virgin Islands and thereafter caused a parcel of her property to be sold at public auction to satisfy such judgments. The purchaser at such sale, Luther Benjamin, ("purchaser") paid the purchase price into court on July 27, 1966, the same day the marshal filed his return.

On September 1, 1966, a majority of the judgment creditors moved to confirm the sale under 5 V.I.C. § 489 (1967) but the purchaser did not join.[1] The municipal court did not act on the creditors' motion. The record does not reveal the reason for its inaction. Nevertheless, despite the municipal court's failure to confirm, the purchase money was distributed to the creditors.

On November 15, 1966, the debtor and the purchaser entered into a contract with respect to the land sold at the execution sale. The contract, which contained various undertakings, contemplated that the parcel of real estate sold in the judicial sale be partitioned between the judgment debtor and the purchaser. At least part of the consideration running from the debtor to the purchaser under the terms

---

[1] The statute does not give the purchaser a right to file a motion to confirm. However, such right exists at common law. See Raleigh & C.R. Co. v. Baltimore Nat. Bank, 41 F.Supp. 599 (E.D. S.C. 1941); Martin v. Jones, 105 So.2d 860 (Ala. 1958); Siebert v. Soester, 144 Neb. 321, 13 N.W.2d 139 (1944); See also Evans v. Hunold, 393 Ill. 195, 65 N.E.2d 373 (1946); Summars v. Wilson, 205 Ark. 923, 171 S.W.2d 944 (1943). We think the legislature might want to review and clarify some aspects of this statute, for example, by providing that the purchaser as well as the judgment creditors has a right to seek confirmation of a judicial sale.

of the contract was the surrender, by the debtor, of her statutory right of redemption, contained in 5 V.I.C. § 496 (1967).

On February 27, 1968, the purchaser himself filed a motion with the municipal court requesting that the judicial sale be confirmed nunc pro tunc as of September 1, 1966, the date the judgment creditors filed the original motion for confirmation. There is no record of an order disposing of this motion by the municipal court in 1968. A later order (1972) recites that the municipal court had earlier denied the 1968 motion. On December 23, 1969, the purchaser and the debtor held a conference with a judge of the municipal court concerning their November 15, 1966, contract. What eventuated we do not know. However, the sale was not confirmed at that time.

On April 24, 1972, the same creditors who had moved the municipal court for confirmation on September 1, 1966, again moved the court for confirmation. They asked that the sale be confirmed nunc pro tunc as of the date of their original motion. The purchaser filed an affidavit and a memorandum of law in support of the creditors' motion.

By its order dated July 12, 1972, the municipal court recited that it had denied the purchaser's February 1968 motion for confirmation "due to the contract filed with the Court dated November 15, 1966 between defendant Osee [sic] Lockhard Daniel [the debtor] and Luther Benjamin [the purchaser], and subsequent agreement of the attorneys of the parties at a conference with the court on the matter held December 23, 1969, where certain actions were taken and report made to the Court . . . ." It went on in its order to confirm the sale nunc pro tunc as of September 15, 1971, an arbitrarily selected date approximately ten months prior to the date of the entry of the court's order. Since the twelve month statutory redemption period ran from the confirmation date the debtor was thereby afforded a

period of approximately two months in which to redeem the real property. On July 20, 1972, the purchaser filed a notice of appeal from the municipal court order with the District Court of the Virgin Islands. On September 14, 1972, within the twelve month period set in the order of the municipal court, the debtor attempted redemption of the property by tendering $45,000.00.

On appeal the district court reversed the order of the municipal court. It construed the municipal court's failure to confirm at the time of the creditors' first motion in 1966 as effectively extending the period of redemption from one year under Section 496 to six and a half years, the time that had elapsed since the judicial sale. The district court concluded that the municipal court was totally without power to so extend the redemption period and remanded the cause with instructions to confirm as of September 1, 1966.

*The September 1, 1966 motion to confirm.*

 We believe the municipal court clearly erred in failing to grant the original motion for confirmation which the judgment creditors filed with the court on September 1, 1966. The creditors were unquestionably entitled to confirmation under Section 489. The record contains no objections to the sale by the debtor, the purchaser, any creditor or other interested party, nor any indication that the sale was irregular or unsatisfactory. In such a case, we believe that confirmation must be granted within a reasonable time after the motion to confirm is filed. Our conclusion is supported by a strong policy in this Circuit in favor of confirming judicial sales in the absence of fraud or other similar exceptional circumstances, see In re Stanley Engineering Corp., 164 F.2d 316, (3rd Cir.), cert. denied, Root v. Galman, 332 U.S. 847 (1948); Guaranty Trust Co. of New York v. Williamsport Wire Rope Co., 20 F.Supp. 634 (M.D. Pa.), aff'd sub nom Constedt v. Gilmore, 96 F.2d 766

(3rd Cir. 1937). This is the law of a number of other jurisdictions. We think that the purchaser was entitled to assert this error of the municipal court because of his obvious interest in early confirmation.

■ The remaining issue is whether some intervening factor renders it inequitable to confirm the sale nunc pro tunc as of September 1, 1966. Compare Schroeder v. Young, 161 U.S. 334 (1895). The debtor contends that the terms of the contract between her and the purchaser and their later negotiations constitute such an intervening equity which render it unfair to order the sale confirmed nunc pro tunc so as to deprive her of her redemption rights.

The recitals in the Agreement of November 15, 1966, explicitly assumed that confirmation of the public sale had taken place. Indeed, the agreement provided that the debtor was giving up her one year right of redemption in return for the property division stipulated in the agreement. We think it clear that the Agreement contemplated that the debtor's redemption rights were to be replaced by her rights under the Agreement. Thus, the loss of her redemption rights was not a cognizable intervening equity of the kind which should prevent nunc pro tunc confirmation. If, as suggested, the purchaser has breached the Agreement, the debtor's rights are confined to those remedies available in a breach of contract action. Indeed, the opinion of the district court suggests that such action was instituted and, if so, this case is clearly without prejudice thereto.

The judgment of the district court will be affirmed.