ST. LOUIS, IRON MOUNTAIN AND SOUTHERN RAILWAY CO.,
*Ex parte.*

PETITION FOR CERTIORARI TO CRAIGHEAD COUNTY.

1. SUMMONS: *Officer's return of service conclusive.*
   The truth of an officer's return of service of a summons can not be
   questioned in the action nor in proceedings by *certiorari* to re-
   view it. The remedy is against the officer for a false return.

2. SAME: *How served upon railroad company.*
   A summons upon a rail-road company may now, by Statute, be
   served upon a station agent, or other person having control of
   any of the company's business, who has to report to the com-
   pany, or upon the clerk or agent of any station in the county
   where it is issued.

*Dodge & Johnson,* for petitioner.

There was no service on petitioner, and the judgment
should be quashed. *Gantt's Dig., sec.* 4738. The Sher-
iff's return on its face shows no service, because it fails
to show:—

1. Service on any station agent or officer of petitioner.
2. That it was served within the county of Craighead.

3.   That President, Cashier, &c., or other Chief officer was absent, &c.

4.   That said station agent was an agent of this petitioner.

Cite *Gantt's Dig.*, sec. 4515, amended by *Act Mch* 9, 1877.   *Pamph. Acts* 1877, *p.* 59; 29 *Ark.*, 661; 28 *Ib.* 261; 32 *Ark.*, 23; 34 *Ib.* 495.

SMITH, J.   One Hampden brought an action in the Craighead Circuit Court against the Railway Company to recover the value of certain goods alleged to have been entrusted to the defendants as a common carrier, and to have been lost.   The writ commanded the Sheriff to summon the St. Louis, Iron Mountain and Southern Railway Company.   And that officer indorsed upon it the following return:—

STATE OF ARKANSAS, } SCT.
COUNTY OF CRAIGHEAD,

. I have this 2d day of March, 1883, duly served the within by delivering a true copy of the same to the station agent, A. J. Henna, at Nettleton, on said railroad.

W. T. LANE, *Sheriff.*

The Company did not appear, and judgment by default was rendered against it.

We are now asked to quash this judgment because the Court had acquired no jurisdiction over the person of the defendant.

It is suggested that the return does not show a service of the writ upon the station agent of the corporation; in other words, does not show that Kenna was its agent. But whatever ambiguity there may be in the return is removed by an examination of the summons upon which it is indorsed.

*Building Association v. Hagan*, 28 Ark., 261.

St. L., I. M. & S. R'y Co., ex parte. Petition for Certiorari to Craighead County.

The Sheriff asserts that he left a copy of the writ with Kenna, and that Kenna was then the agent of the defendant. If this is not so, the remedy is by action against the Sheriff for a false return. But the truth of the return could not be controverted either in that action or in a review upon certiorari.

*Hollowell v; Page,* 24 *Mo.,* 590. *Delinger v. Higgins,* 26 *Id;,* 180. *Stewart v. Houston,* 25 *Ark.,* 311.

The objection that the return does not show that the service was had in the officer's own county was settled by this court at an early day, when technicalities met with more favor than the courts are now disposed to accord to them.—*Henry v. Ward,* 4 *Ark.,* 150. *Elliot v. Bank, Ib.,* 437. *McNabb v. Bank, Ib.,* 555.

It is further urged that the return does not show the absence of the President or other chief officers of the corporation from the county at the date of service. Section 4515 of Gantt's Digest required the Sheriff, where he had served process upon an inferior officer of the corporation, to state as a reason for such service that the chief officer was not to be found in his county.—*C. & F. R. Co. v. Trout,* 32 *Ark.,* 17. But the amendatory act of March 9, 1877, has changed this. Now, in the case of a railroad corporation, service is authorized upon any station agent or other person having control of any of the company's business, who has to report to the company which employs him, or upon the clerk or agent of any station in the county where the process is issued.

The writ of *certiorari* is denied.

*Margin note: 1. SUMMONS: Officer's return of service conclusive.*