Scrafield v. Sheeler.

ELIZABETH SCRAFIELD

v.

HENRY SHEELER.

18 507|
44 345.
18 507|
e113 1502

1. OFFICER'S RETURN.—While the officer's return can not be contradicted so as to defeat jurisdiction, it may be done to excuse a default.

2. AFFIDAVITS.—Where affidavits in support of a motion to set aside a default show a defense to the action upon the merits with all the certainty practicable in such a proceeding, the hearing of counter-affidavits is a vicious practice, and in such case such counter-affidavits will not ordinarily affect the question of abuse of discretion on the part of the court.

APPEAL from the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding. Opinion filed April 28, 1886.

Mr. D. L. CARMICHAEL, for appellant.

Mr. JOHN D. GILL, for appellee.

McALLISTER, J. At the September term, 1885, of the court below, the appellee, Sheeler, took a judgment by default against the appellant, Scrafield, for the sum of three hundred sixty-three dollars and fifty cents, which the defendant at the same term moved the court to set aside.

The motion was supported by affidavits excusing the default by showing that, in point of fact, the defendant had not been served with summons. She stated positively in her affidavit that she was not served; that she was not at home when the deputy sheriff came there, and was corroborated by a disinterested witness, who saw the officer go to her house, fail to get

in, and go away without seeing the defendant or any member of the family. A clear case was made of want of service of notice. We hold that while the officer's return can not be contradicted so as to defeat jurisdiction, yet it may be done to excuse a default. The prevention of fraud and promotion of justice require us to so hold.

The affidavits in support of the motion show a defense to the action upon the merits, with all the certainty practicable in such a proceeding. The court heard affidavits in opposition to the motion, and it is now urged that there was no such abuse of discretion in overruling it as would justify the interference of this court. The hearing counter-affidavits in such cases is a vicious practice: Kalkaska Co. v. Thomas, 17 Bradwell, 235; and where allowed, if the affidavits of the applicant excuse the default and show merits, with distinctness, such counter-affidavits will not ordinarily affect the question of abuse of discretion on the part of the court.

The order appealed from will be reversed and the cause remanded to the court below, with directions to set aside the judgment and give the defendant leave to plead to the action.

Judgment reversed.