## Mary E. Cooke v. A. Haungs.

### Gen. No. 11.060.

1. SERVICE OF SUMMONS—*how far, conclusive.* The strict rule of the common law as to the conclusiveness of the return of service upon a summons or other process has been somewhat relaxed in this state so that now such a return may be contradicted, not for the purpose of defeating the jurisdiction but in order to excuse a default.

2. MERITORIOUS DEFENSE—*when affidavits showing, are not essential, upon motion to set aside default.* Where the bill upon which a decree is predicated is substantially defective, it is not essential that the defendant, seeking to set aside a default, should show by affidavits, facts showing a meritorious defense to such bill.

3. DEFAULT—*when, should be set aside.* A default should be set aside where it appears that no proper service was had upon the defendant and the bill upon its face is substantially defective.

4. MECHANIC'S LIEN—*contract essential to.* In order to maintain a proceeding for a mechanic's lien, it is essential that the bill set out a contract which provides that the work should be completed and payment therefor made within one year after the making of such contract (the contract being verbal).

Mechanic's lien proceeding. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Reversed and remanded. Opinion filed April 12, 1904.

EDMUND S. CUMMINGS, for appellant.

F. S. BAIRD, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

At the September term, 1902, of the Circuit Court, appellee entered the default of appellant and obtained a final decree against her and others for a mechanic's lien for $176. Appellant at the same term moved the court to set aside the default and vacate the decree as to her and grant her leave to plead, demur or answer. In support of her motion she filed several affidavits from which it clearly appeared that the person with whom a copy of the summons was left for appellant was not a member of the family of appellant, nor was such copy left at the usual place of abode of appellant, as stated in the return of the sheriff, and that appellant had no knowledge of such attempted service until

after the decree was entered and then promptly moved to vacate the same. The court continued the hearing of appellant's motion to the October term and then denied it, and from the order denying the motion this appeal is prosecuted.

The strict rule of the common law as to the conclusiveness of the return of service of summons or other process, by a sheriff or other officer, has been somewhat relaxed. In Scrafield v. Sheller, 18 Ill. App. 507–506, Mr. Justice McAllister said : " We hold that while the officer's return cannot be contradicted so as to defeat jurisdiction, yet it may be done to excuse a default." In Sibert v. Thorp, 77 Ill. 43, Mr. Justice Scholfield, after stating the old rule that " no averment can be taken in pleading against the sheriff's return," said : " But in this country many courts have held that the sheriff's return on original process is only *prima facie* evidence of the facts recited and consequently may be shown to be incorrect." And in that case it was held that the truth of the matters stated in a sheriff's return of service of original process, might be put in issue by a plea in abatement. In Brown v. Brown, 59 Ill. 315, it was held error to overrule a motion to set aside a default, where the affidavits showed that the person with whom the copy of the summons was left for the defendant, was not a member of defendant's family. To the same effect is Kline v. Kline, 104 Ill. App. 274.

The contract set out in the bill does not provide that the work shall be completed or payment therefor made within a year, and was therefore defective. Williams v. Rittenhouse & Embree Co., 198 Ill. 602; Pugh v. Wallace, 198 Ill. 422; Kelly v. Northern Trust Co., 185 Ill. 172. As the bill was defective, appellant was not required to state in her affidavit, facts constituting a defense to the bill.

The order appealed from will be reversed and the cause remanded to the Circuit Court, with directions to that court to vacate the decree and set aside the default as to the defendant, Mary E. Cooke, with leave to her to demur or plead to or answer the bill.

*Reversed and remanded.*