### William S. Reed v. The Waterbury National Bank.

#### Gen. No. 13,331.

1. JUDGMENT—*what not defense to scire facias to revive.* A plea that the defendant was not served and that the return of service was false, in the original proceeding in which the judgment was rendered, will not defeat *scire facias* to revive. Nor can it be shown in the *scire facias* proceeding that the judgment was erroneous.

2. JUDICIAL NOTICE—*of what taken.* The court will take judicial notice of its own records.

3. NUL TIEL RECORD—*proper form of plea.* A plea of *nul tiel* record properly concludes with a verification and is properly replied to by a traverse offering to verify by the production of the record, as the court may order.

*Scire facias.* Appeal from the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed July 1, 1907.

CHARLES F. DAVIS and SOL ROSENTHAL, for appellant.

ADAMS & FROEHLICH, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

The Waterbury National Bank of Waterbury, Connecticut, on April 25, 1895, recovered a judgment in the Circuit Court of Cook county in assumpsit for $1,151.99, against William S. Reed. Not having secured satisfaction of the same up to February 21, 1906, and the right to an execution having expired by limitation, the bank sued out, under the statute, a *scire facias* to revive the judgment, the writ being in the usual and approved form, reciting that the court had been informed that although the said judgment was of record, execution still remained to be made, and requiring the said Reed to show cause why the said Waterbury National Bank should not have execution for its costs and damages on the judgment.

After one writ had been returned not found an alias was personally served on Reed and he filed four pleas to the writ. The first was *nul tiel* record, the second was that in the original suit in which the judgment was obtained, the "records" did not "support the judgment," because "the only evidence introduced, as appears of record, is the plaintiff's affidavit of claim, in which the plaintiff's attorney swears there is due to the plaintiff on the two notes sued on $628, while the said supposed judgment was for $1,151.99." The

third plea was that "the court rendered the said supposed judgment in said writ mentioned had no jurisdiction over the defendant at the time of rendering said supposed judgment," and the fourth one was that "the defendant was never served with process in the supposed action in which said alleged judgment was rendered," etc.

A demurrer was sustained to the second, third and fourth pleas, and the plaintiff elected to stand by his said pleas. Issue was joined on the first plea and the cause went to trial on it before a jury. The plaintiff brought into court, and the trial judge received in evidence, what he was evidently satisfied was the record from the clerk's office of the Circuit Court, in which court this action at bar was pending, of a judgment of said court in favor of the Waterbury National Bank against W. S. Reed for $1,151.99 of the date of April 25, 1895. The judgment recites that due personal service of summons was had on the defendant in apt time, and he not appearing, his default was entered and the damages assessed by the court after hearing the allegations and proofs at $1,151.99.

A court wrapper containing a memorandum of the judgment and a pluries summons against William S. Reed in the suit of Waterbury Bank v. Reed, No. 131,597 in the Circuit Court of Cook county, said summons being dated December 11, 1894, were also presented in evidence to the court and jury. The pluries summons bore the return of the sheriff of Cook county, certifying that it had been served on the within named William S. Reed on January 9, 1895, by reading the same to him on the 9th day of January, 1895.

The appellant then asked for a peremptory instruction for the defendant, which the court refused. Thereupon the appellant was allowed to put in evidence, over the objection of the appellee, the original declaration in the cause No. 131,597, said declaration having been filed July 6, 1894, together with copies of

two notes, which apparently were copies of the instruments sued on, and the affidavit of the attorney for the bank, that there was "due from the plaintiff to the defendant, after allowing to him all just credits, deductions and setoffs, the sum of six hundred and twenty-eight dollars."

The appellant then renewed his request for a peremptory instruction, which was again refused, whereupon he asked for four other instructions, which were refused. Thereupon the appellee (the plaintiff) asked the court to instruct the jury to find a verdict for the plaintiff. This motion the court granted and the instruction was given, in accordance with which the jury returned a verdict finding the issues for the plaintiff. A motion for a new trial and a motion in arrest of judgment were then also denied and the following judgment order entered:

"Therefore it is considered by the court that the judgment heretofore on the 25th day of April, A. D. 1895, for eleven hundred and fifty-one dollars and ninety-nine cents rendered herein against the defendant and in favor of the plaintiff be and the same is hereby revived and stand in full force and effect *as of the date of the rendition of said judgment*—that the plaintiff have execution against the defendant for said judgment, together with all plaintiff's costs," etc.

From this judgment the said Reed appealed to this court and argues here under his assignment of error that the demurrers to his 2nd, 3rd and 4th pleas should not have been sustained, and that under the evidence the verdict and judgment should have been for the defendant.

There is no merit in either of these contentions. The third and fourth pleas are bad in form as uncertain and stating conclusions, and also bad in substance. If there were a false return on the summons in the original cause, it would not defeat the *scire facias,* which is a continuation of the same suit (Smith v.

Stevens, 133 Ill. 183) in which the sheriff's return cannot be contradicted so as to defeat jurisdiction. Owens v. Ranstead, 22 Ill. 161; Scrafield v. Sheeler, 18 Ill. App. 507.

The second plea is manifestly insufficient. The discrepancy between the affidavit of claim and the declaration and judgment is of no consequence. There is no record showing what the evidence in the case was—an indispensable necessity for the defendant, if he would even show that the judgment was erroneous.

But if the judgment were shown by evidence in a bill of exceptions to be erroneous, it would not be void and the defense could not be raised in a *scire facias* proceeding to revive the judgment.

The evidence in the *scire facias* case sustained the judgment and overcame the plea of *nul tiel* record.

The court was satisfied by an inspection of the record. A court always takes cognizance of its own records. Judicial business could be done in no other way.

The pleading was irregular. A plea of *nul tiel* record properly concludes with a verification and is replied to by a traverse offering to verify by the production of the record, as the court may order. But issue was taken by going to the jury on the plea in this case, which concluded to the country. The court was right, on inspection of the record and in the absence of any valid defense, to instruct the jury to find the issues for the plaintiff.

The form of the judgment order is objected to by appellant, but there is no assignment of error properly raising any such question, and nothing suggested as to its irregularity, which is injurious to the appellant. We think it is right. Perhaps the words ''as of the date of the rendition of said judgment'' are surplusage, but the judgment responds to the only prayer of the writ according to established forms, and gives execution on the judgment to the plaintiff.

The judgment of the Circuit Court is affirmed; no damages in this court as for delay are allowed, however.

*Affirmed.*