WELLS FARGO & COMPANY *v.* W. B. BAKER LUMBER COMPANY.

Opinion delivered March 24, 1913.

1. JUDGMENT BY DEFAULT—FALSE RETURN BY OFFICER.—Where a default judgment has been rendered against a defendant, he may show the falsity of the officer's return, to excuse his failure to make his defense at the time of the trial and to prevent his being compelled to submit to a judgment and have his rights unjustly concluded without an opportunity to be heard. (Page 423.)

2. APPEAL AND ERROR—MOTION TO SET ASIDE JUDGMENT—JURISDICTION OF CIRCUIT COURT.—Where the trial court overrules defendant's motion to set aside a default judgment rendered against him, the court retains jurisdiction, during the term, to set aside the judgment, even though an appeal has been prayed by defendant, and granted, so long as the appeal remains unperfected. (Page 423.)

Appeal from Cleburne Circuit Court; *George W. Reed,* Judge; reversed.

STATEMENT BY THE COURT.

The lumber company brought suit for damages against the express company, alleged to have been caused by the negligent failure to deliver a piece of machinery to the foundry to which it was consigned for repairs, and also claimed special damages.

A judgment by default was rendered and upon a trial upon the question of damages a verdict and judgment was rendered in favor of appellee. Appellant, a

few days afterward, during the same term of court, at which the judgment was rendered, filed a motion to set aside the judgment by default, alleging that it had received no notice of the suit before judgment was taken and that it had no notice whatever of the pendency of the suit until after judgment had been rendered on September 25, 1912. That the pretended service upon C. E. Hagan, was not made upon him; that at the time of the service he was not the agent of the express company in Cleburne County, and that the sheriff was mistaken in , the identity of the party upon whom the process was served. The motion further alleged that the defendant had a just defense to the action and, if permitted to do so, would show that the plaintiff was not entitled to recover any amount whatever in the suit and that it did not owe plaintiff anything. Prayer was that the judgment be set aside and that the defendant be allowed to defend the suit. The motion was demurred to on the grounds that it did not state facts sufficient to constitute a cause for a new trial, nor show that the defendant was entitled to the relief prayed for and because it sought to contradict the return of the sheriff on the summons. The affidavits of B. Massingill, the sheriff, and C. E. Hagan, were filed with the motion and, in addition, the court heard their oral testimony. The sheriff's return on the summons was as follows:

"State of Arkansas, County of Cleburne. I have this 25th day of July, 1912, duly served the within by serving a copy and stating the substance thereof to the agent of the Wells Fargo Express Company at Heber Springs, Arkansas, as I am herein commanded." (Signed) "B. Massingill, Sheriff."

The amended return reads:

"State of Arkansas, County of Cleburne. I have this 25th day of July, 1912, duly served the within summons by delivering a copy and stating the substance thereof to C. E. Hagan, general and only agent of defendant, Wells Fargo Express Company, at Heber Springs, and in charge of the office, and management and

control of the business of said Wells Fargo & Co., at Heber Springs, at said office in Cleburne County, Ark." (Signed) "B. Massingill, Sheriff." "Filed July 27, 1912, J. L. Little, Clerk."

The sheriff stated he did not know Hagan personally and could not state the service was had upon him, but did know that he served the summons upon some man at the station, who represented that he was in charge of the station and the business of the defendant. Did not know his name, but learned afterwards the name of the agent at this point and substituted his name. He knew he would not have served it upon the man, except he believed he was the agent of the company and he did believe it, but he could not say it was C. E. Hagan from personal knowledge. He could have been mistaken as to the name of the man upon whom he served it. He had just seen C. E. Hagan and could not say he was the man upon whom he had served the summons. He did not know the man whom he served, neither the man nor his name. He was under the impression that Hagan was not the man whom he served.

Hagan stated he was not in charge of the station at Heber Springs at the time of the service of the summons, but was station agent at Alpena, Arkansas, residing there, and not at Heber Springs, nor the station agent there.

The acting superintendent of the express company stated that when a summons was served upon the company the agent was required to communicate the fact to the home office, and it became a part of the record of that office. That in this suit, the home office never had any record or knowledge of it until after the default judgment was taken, and they got the information over the phone from the route agent, Mr. Foster, of Helena, who had passed through Heber Springs during the day and had been told by the agent about it. He stated that Hagan was not the agent of the company at Heber Springs on the 25th day of July, 1912, but that he was agent at Alpena, in Boone County. That he was later

promoted to the Heber Springs office on August 5. That they had a good defense to the suit and wanted to be allowed to make it. That R. D. Powell was the agent in charge of the office, immediately preceding the coming of Hagan. That he was not in their employ and they were not aware of his present address, although they had been using their utmost endeavors to find him.

The superintendent of the company in Arkansas stated that the company maintained only one office in Heber Springs, that a summons was served on its agent in January, 1912, in which the Baker Lumber Company was plaintiff and the Wells Fargo Express Company was defendant, for the same cause of action and the Wells Fargo Company removed that case to the Federal Court.

The court overruled the motion to set aside and vacate the judgment, and appellant filed a motion for a new trial, which was overruled and prayed and was granted an appeal to the Supreme Court, 90 days being given in which to file a bill of exceptions.

On the afternoon of the same day, September 30, 1912, the defendant filed a supplemental motion, in which it averred that no summons had been served upon it in this case; that it did not know of the pendency of the suit until after the default judgment had been taken; that the judgment was rendered without actual, constructive or legal notice of any sort having been given to it of the pendency of the suit. That the summons was not served upon C. E. Hagan, or any other agent of the defendant; that the sheriff's return on July 25 did not disclose the name of the party upon whom service was made; that thereafter he amended it, and upon the suggestion of the attorney for appellee, inserted the name of C. E. Hagan as sole agent in charge of the said express company's office. That Hagan was not served and was not the agent at Heber Springs at that time, but was its agent at Alpena Pass, in an adjoining county. It asked that the first motion filed be considered "Exhibit 1" to this motion, with the affidavits of the sheriff and Hagan attached to it, and the oral evidence of Mas-

singill and Marshall heard thereon, and that the affidavit
of R. D. Powell, who was the agent and the only agent
of the defendant in charge of the station at Heber
Springs on July 25, 1912, and before that date for several
months and continuously thereafter until August 5, 1912,
be considered.   Alleged that the summons was not served
upon the said Powell, at that time, nor at any other time.
That Powell was not in the employ of the defendant,
but was a conductor on a local freight on the Missouri &
North Arkansas Railroad and after the trial of the first
motion in the morning Powell came through Heber
Springs in the afternoon and the defendant, through its
agent, Marshall, discovered that fact and obtained his
affidavit, which was secured after the trial had occurred
in the morning.   That it did not now know the where-
abouts of Powell before and was using every means in
its power to locate him without avail.   The affidavit of
Powell filed with this motion is as follows:

"My name is R. D. Powell.   I am employed by the
M. & N. A. Ry. as a train conductor.   During the period
dating from June 17 to August 5, I was joint agent at
Heber Springs, Arkansas, for the M. & N. A. Ry. and
Wells Fargo & Company Express, and during this period
the Wells Fargo & Company Express, had no other agent
at Heber Springs.   There was never a summons served
on me in a suit of W. B. Baker Lumber Company against
Wells Fargo & Company Express, during the time that I
was agent for Wells Fargo & Company Express at Heber
Springs, Arkansas."

On October 1, 1912, the defendant filed an affidavit
of Gardner Oliphint, a stenographer, who was at the trial
and took down the testimony and the instructions given
by the court.   It also filed an answer, admitting the re-
ceipt of the piece of machinery for transportation to
Harrison, Arkansas, denying any special agreement to
transport same with unusual diligence or speed.   Alleged
that it was to be transported and delivered in the usual
course of business.   Denied any request made for any
unusual promptness and that any representations were

made or notice given of consequences that would result from the failure to promptly deliver the machinery; denied all knowledge of any special necessity for its repair and return and that it had any information that the absence of the cylinder could or would cause plaintiff's mill to be shut down and that any other damages, general or special would, on that account, result to the plaintiff. Denied that the plaintiff was damaged in the sum claimed, or any other amount; that the machinery was not delivered to the foundry without delay and all knowledge of any special damages that could or would occur to plaintiff because of the failure to transport the machinery with the utmost dispatch.

The supplemental motion, with the affidavit of Gardner Oliphint, the stenographer, setting out the record of the trial with the answer, were on motion stricken from the files. The motion for a new trial was filed, setting up this action of the court as a ground therefor, which was overruled and from the judgment, an appeal was prayed.

*Rose, Hemingway, Cantrell & Loughborough,* for appellant.

If it is conceded that the judgment which was rendered was valid on its face, and that a motion to quash or set aside the return could not be maintained, nevertheless, under the facts shown, the court should have set aside the judgment and permitted the appellant to defend; and its refusal to do so was an abuse of discretion which this court should correct. 55 Pac. 750; 40 N. W. (Minn.) 71; 41 N. W. 244; 33 Ark. 778; 50 Ark. 458, 462; Kirby's Dig., § 4426; 47 N. E. 177; 45 N. E. (Ind.) 526; 104 Ind. 390; 30 Atl. 422; 113 Ill. App. 501; 63 N. H. 111; 16 Wis. 52; 25 Wis. 486; 51 N. Y. Supp. 1136; 63 Ark. 323; 101 Ark. 142.

The court had control of its orders and judgment in the case, including the order granting the prayer for appeal, until the lapse of the term, and had jurisdiction to set aside the judgment at any time during the term and before the jurisdiction of the Supreme Court at-

tached by virtue of the appeal. Kirby's Dig., § 2446; 6 Ark. 100; 27 Ark. 296; 150 U. S. 31; 15 Wall. 384; 18 Wall. 163; 101 U. S. 745; 11 Ark. 631; 72 Ark. 475; 88 Ark. 391. The jurisdiction of the Supreme Court can attach only when the appeal is perfected by lodging the transcript of the record in said court.

*Troy Pace,* for appellee.

The return of the sheriff is conclusive and can not be attacked in the manner attempted by appellant. On the law of the case the demurrer to the motion to set aside the judgment should have been sustained; yet, since the trial court gave the appellant the benefit of a more liberal construction, and held that the return was only presumption, its finding on the evidence should not be disturbed. 40 Ark. 141; 11 Ark. 368; 49 Ark. 397; 89 Ark. 506; 63 Ark. 517; 50 Ark. 464: 54 Ark. 541; 34 Ark. 495; 72 Ark. 265.

The supplemental motion was properly stricken from the files by the court, because it was without jurisdiction to hear it, while the order granting an appeal to the Supreme Court was in force. There was no motion to set aside the order granting the appeal. 150 U. S. 31; 15 Wall. 384; 101 U. S. 745; *Id.* 752; 27 Ark. 295.

KIRBY, J., (after stating the facts). It is undisputed that the application to set aside the default judgment was made at the same term of court at which the judgment was rendered and shortly after its rendition.

"During the whole of the term, at which a judgment or order is rendered, it remains subject to the plenary control of the court, and may be vacated, set aside, modified or annulled * * *. This is a power inherent in all courts of general jurisdiction and is not dependent upon nor derived from the statutes." 23 Cyc. 901.

In *Ashley* v. *Hyde,* 6 Ark. 100, this court said:

"During the term at which judgment is rendered, the power of every court of record to set aside, vacate and annul its judgments and orders, is undoubted. This

is a power of daily exercise by the courts, in the granting of new trials, arrests of judgment and in other proceedings of like character. Its exercise and propriety can not be questioned; it is based upon the substantial principles of right and wrong, and for the furtherance of justice.''

In *Underwood* v. *Sledge,* 27 Ark. 296, this court said:

''It is well settled in this State, that a court has control over its orders and judgments during the term at which they are made, and, for sufficient cause, may modify or set them aside.''

In *Aspen Mining Co.* v. *Billings et al.,* 150 U. S. 31, Mr. Chief Justice Fuller, delivering the opinion of the Supreme Court of the United States, said:

''The general power of the circuit court over its own judgments, decrees and orders, during the existence of the term at which they are made, is undeniable, and an order allowing an appeal is subject to that power, so long as the appeal remains unperfected and the cause has not passed into the jurisdiction of the appellate tribunal.''

It is also true, this court held in *Ry. Ex parte,* 40 Ark. 141, in a case of a default judgment, that the truth of the sheriff's return upon a copy of the writ could not be controverted either in the action or in a review upon *certiorari.*

But it has further held, however, that an officer's false return of service of process shall not preclude the defendant from showing the truth in a proper proceeding to be relieved from the burden of a judgment based thereon.

''Evidence tending to contradict the record is heard in such cases, not for the purpose of nullifying the officer's return but to show that by the judgment the defendant has been deprived of the opportunity to assert his legal rights without fault of his and that it would be unfair to allow the judgment to stand without affording him the chance to do so. The principle that affords relief to one that has been summoned, but has been pre-

vented through unavoidable casualty from attending the trial governs." *State* v. *Hill,* 50 Ark. 461; See also *Kolb* v. *Raisor,* 47 N. E. 177; *Locke* v. *Locke,* 30 Atl. Rep. 422; *Cook* v. *Haungs,* 113 Ill. App. 501; *Clough* v. *Moore,* 63 N. H. 111; *Carr* v. *Bank,* 16 Wis. 52.

Appellant was not entitled to show the falsity of the officer's return to defeat the jurisdiction of the court rendering the judgment under the doctrine of the cases above cited, but only to excuse its failure to make its defense at the time of the trial and prevent its being compelled to submit to a judgment and have its rights unjustly concluded without an opportunity to be heard.

The testimony is well-nigh conclusive that the summons was not served upon an agent of the express company, as the return shows it to have been, both persons who had been agents denying that it was served upon them and the sheriff not being able to say upon whom it was served; but only that he delivered the copy to a man who said he was agent, whom he could not identify as either man who had been agent there, and the testimony shows further that the company had no notice in fact of the bringing of this suit, nor the service of summons, and that as soon as it had information that a default judgment had been taken against it, immediately and without delay, shortly thereafter, and at the same term of the court, it moved to set aside the judgment and that it have opportunity to make its defense to the suit, which was alleged, to be a good one.

It was within the discretion of the court to permit the setting aside of the default judgment and the motion should have been granted and the defendant given an opportunity to make its defense. *Rice* v. *Simmons,* 89 Ark. 360.

It is true, the second and supplemental motion to set aside the judgment, accompanied by the affidavit of the person who had been the express company's agent on the date of the service of the summons, was not filed until the afternoon of the day upon which the first was overruled and from which an appeal had been prayed and

granted, appellant not sooner being able to procure the affidavit of said person, but it was at the same term of court at which judgment was rendered, and since no appeal had, in fact, been perfected from the judgment overruling the first motion, the court had as much jurisdiction of the cause and to grant the relief prayed as though the first motion had not been overruled and appeal prayed therefrom. *Aspen Mining Co.* v. *Billings, supra; Clay* v. *Noterebe's Executors,* 11 Ark. 631; *Robinson* v. *Arkansas Trust Co.,* 72 Ark. 475; *Claiborne* v. *Leonard,* 88 Ark. 391.

For the error of the court in refusing to grant the motion and set aside the default judgment, its judgment is reversed and the cause remanded for a new trial that appellant may have opportunity to make its defense against a claim which it was prevented from defending in the first instance through no fault of its own.