CITIZENS BANK OF LAVACA *v.* BARR.

Opinion delivered April 24, 1916.

1. JUDGMENTS—PETITION TO VACATE—DEFENSE—DEFAULT JUDGMENT.—A judgment by default may be set aside only where the defendant has a meritorious defense.

2. JUDGMENTS—DEFAULT—PETITION TO VACATE.—Upon a petition to vacate a default judgment, it is necessary that the particular facts

constituting the defense of the party seeking to set aside the judgment, shall be disclosed in order that the court may determine whether it could have availed the party or not on the trial of the case.

3. Judgments—default—petition to vacate.—A party moving to set aside a judgment rendered against him by default must state his defense and make a *prima facie* showing of merit in order that the court may determine whether he is injured by not being permitted to have the benefit of it.

Appeal from Sebastian Circuit Court, Greenwood District; *Paul Little,* Judge; affirmed.

*Geo W. Johnson,* for appellant.

1. The appellant was prevented from attending the trial by unavoidable casualty. It was the duty of the court to set aside the verdict and grant a new trial and its refusal was an abuse of discretion. 89 Ark. 359; 107 *Id.* 415.

A good defense was shown.

*R. W. McFarlane,* for appellee.

No meritorious defense to the suit was shown and no unavoidable casualty was shown. All the evidence was not in the record. No abuse of discretion is shown. 54 Ark. 159; 55 *Id.* 126; 72 *Id.* 185. The bank has disclosed no rights in the controversy. 76 Ark. 326.

Hart, J. The Citizens Bank of Lavaca prosecutes this appeal to reverse a judgment of the circuit court refusing to set aside a judgment in favor of the plaintiff in a case wherein J. J. Barr was plaintiff and Tom Harrison was defendant, and the bank was intervener. Barr sued Harrison before a justice of the peace to enforce his landlord's lien for supplies. The Citizens Bank of Lavaca was permitted to intervene, but the record does not show the nature of its intervention. The justice of the peace rendered judgment for the plaintiff against the defendant and found that the plaintiff had a prior lien upon the property attached in the action. The bank appealed to the circuit court.

In the trial in the circuit court, the bank did not appear and the plaintiff Barr again recovered judgment

against Harrison and his landlord's attachment was sustained. A few days thereafter and at the same term of the court, the bank moved to set aside the judgment on the ground of unavoidable casualty. It set up that its attorney had informed it that the court had continued for a week his cases for the purpose of allowing him to go to the State of Oklahoma to try an important lawsuit; that on the day before the case was tried it communicated with the clerk of the court and was informed that the case would not be reached until the following day; that one of the officers of the bank called up the clerk of the court about 2 o'clock in the afternoon and that the clerk in a short time told him that he had called the matter to the attention of the court and that the court had directed him to tell the bank that the case could not be reached until the next day. The bank is situated at the town of Lavaca and the court was being held at the town of Greenwood. Shortly after 3 o'clock of this same day, the case was reached upon the call of the calendar and the court tried it. It appears that the attorney for the bank failed to include this case in the list of those requested to be passed for a week. The bank in its motion sets up that the plaintiff did not furnish to Harrison any supplies; that Harrison did not owe the plaintiff anything either for supplies or for rent. If it be assumed that the bank was prevented from appearing at the trial by unavoidable casualty, it does not follow that the judgment should be reversed. Section 4431 of Kirby's Digest provides, that the court in which a judgment has been rendered shall have power after the expiration of the term to vacate or modify it for certain enumerated causes. One of these is for unavoidable casualty or misfortune preventing the party from appearing or defending. The court has held that a judgment by default against the defendant in such cases may be set aside only where the defendant has a meritorious defense. *Capital Fire Ins. Co.* v. *Davis,* 85 Ark. 385; *Leaming* v. *McMillan,* 59 Ark. 162; *Hunton* v. *Euper,* 63 Ark. 323. Again to vacate a judgment for fraud under subdivision 4 of sec-

tion 4431 of Kirby's Digest, the party seeking such relief must make at least a *prima facie* showing of a valid defense to the action in which the judgment was obtained. *Quigley* v. *Hammond*, 104 Ark. 449; *Simpson & Webb Furn. Co.* v. *Moore*, 94 Ark. 347. It is true the motion to set the judgment aside was made at the same term of the court in the present action but the governing principle is the same. Upon an application of this nature, it is indispensable that the particular facts constituting the defense of the party seeking to set aside the judgment should be disclosed in order that the court may determine whether it could have availed the party or not on the trial of the case. It is well settled in this State that judgments will only be reversed for errors prejudicial to the rights of the party appealing. Consequently a party moving to set aside a judgment rendered against him by default must state his defense and make a *prima facie* showing of merit in order that the court may determine whether he is injured by not being permitted to have the benefit of it.

In its motion, the bank states that Harrison was not indebted to Barr for rent or supplies but Harrison has not appealed. Moreover, his defense to the action would not make any *prima facie* showing of merit on the part of the bank. It could make no difference to the bank that the judgment against Harrison was erroneous unless it had a valid claim which it might assert against the attached property. The record as abstracted by counsel for appellant does not show that it had any valid claim or defense to the action of Barr against Harrison. It sets up no defense other than that contained in its motion to set aside the judgment.

As we have already seen no matter was set up in the motion which would entitle the bank to prevail against the plaintiff. Therefore, we are of the opinion that the court properly denied its motion to set aside the judgment. As bearing on the question, see *Plunkett* v. *State National Bank*, 90 Ark. 86.

It follows that the judgment must be affirmed.