K. & S. SALES COMPANY *v*. LEE.

Opinion delivered May 26, 1924.

1. JUDGMENTS—VACATION—UNAVOIDABLE CASUALTY.—Where the trial court granted a continuance to defendant, a judgment rendered against him through oversight of the judge, and without setting aside the continuance and without notifying defendant or his counsel of such action, was, as to such defendant, "an unavoidable casualty" within Crawford & Moses' Dig., §§ 6290 and 6293, and was properly vacated, upon a *prima facie* showing of a meritorious defense.

2. CONTRACTS—ILLEGALITY.—Any act which is forbidden, either by common or statutory law—whether it is *malum in se* or merely *malum prohibitum*, whether indictable or merely subject to a penalty—can not be the foundation of a valid contract, nor can anything auxiliary to or promotive of such act.

3. JUDGMENT—VACATION—MERITORIOUS DEFENSE.—In proceedings by defendant under Crawford & Moses' Dig., § 6290 *et seq.*, to vacate a judgment, his allegation and offer of proof that plaintiff's cause of action was based on a contract made in the State for the purchase of a gambling device *held* a *prima facie* showing of a valid defense against such judgment.

Appeal from Polk Circuit Court; *B. S. Isbell*, Judge; affirmed.

*Minor Pipkin*, for appellant.

The defendant failed to allege any legal ground for vacating the judgment. C. & M. Digest, § 6290. A party moving to set aside a judgment rendered against him by default must state his defense and make *prima facie* showing of merit in order that the court may determine whether he is injured by not being permitted to have the benefit of it. 123 Ark. 443. Defendant's right to defend was lost by his own negligence. 93 Ark. 462; 114 Ark. 493.

*Norwood & Alley*, for appellee.

The legal effect of a judgment or decree of a constructive and unintentional fraud perpetrated on the court which rendered it, in order to obtain it, is the same as an actual purposed fraud. L. R. A. 1916D7. An act which is forbidden either by the common or statutory law, whether it is *malum in se* or merely *malum pro-*

*hibitum,* cannot be the foundation of a valid contract; nor can anything auxiliary to or promotive of such act. 103 Ark. 288; 6 R. C. L. 220. Every material allegation in the complaint, not specifically denied in the answer, will be taken as true. 85 Ark. 561; 91 Ark. 30; 32 Ark. 97; C. & M. Dig., § 1231.

Wood, J. This is an action to vacate a judgment under §§ 6290, 6292, and 6295 of Crawford & Moses' Digest. The statute authorizes the court in which the judgment is rendered to vacate such judgment after the expiration of the term: fourth, for fraud practiced by the successful party in the obtaining of the judgment or order; and seventh, for unavoidable casualty or misfortune preventing the party from appearing or defending.

The appellee, in his complaint or motion to vacate, alleged that, at the April term, 1922, of the Polk Circuit Court, the above entitled cause was pending on appeal from justice court; that B. J. Stuart, attorney for the appellee, informed the court that appellee could not be present at that term of the court, and requested that the cause be continued; that the court granted the request, and the said B. J. Stuart notified the appellee that the cause had been continued for the term, and for that reason the appellee did not appear; that the court neglected to indicate upon the docket that the cause had been continued, and on April 22, 1922, the appellant took judgment against the appellee for the sum of $180; that the taking of this judgment, under the circumstances, was a fraud upon the rights of the appellee. The appellee alleged that the amount claimed by the appellant to be due him by the appellee was for what was known as a "punch-board"— a gambling device; that, after the appellee had received this board, he was notified by the district attorney that it was a violation of the law to use or operate the same, and appellee at once discontinued its use, and offered to pay the appellant for the use of same for the time he had used it; that the sale of such board was against public policy, and that the appellee

received no consideration for his obligation to the appellant. Appellee prayed that the judgment be set aside, and that he have an order restraining the appellant from enforcement of the judgment pending the hearing.

The appellant demurred to the complaint on the ground that the motion did not state facts sufficient to constitute a meritorious defense, or any defense whatever, to the appellee's action. The appellant also answered the motion, and denied that it was by the neglect of the court that the continuance of the case was not indicated upon the docket, but alleged the truth to be that the appellee neglected and failed to pay the fees of the clerk for filing and docketing the cause, and that the cause was not upon the docket until the appellant, through its attorney, paid the fees and caused the case to be docketed; that the judgment sought to be vacated was rendered upon the appellant's motion asking affirmance of the judgment of the justice court; that neither the appellant nor its attorney had any knowledge that Stuart had discussed said matter with the court until the filing of appellee's motion herein.

B. J. Stuart testified that he was attorney of the appellee, and represented him in the justice court where the case was pending. He took an appeal for his client from the judgment rendered against him by the justice. At the April term, 1922, of the circuit court he received a letter from the appellee, saying that he was sick and could not attend the court, and requesting that the case be continued. Witness made application to the circuit court for the continuance, stating his reasons. The case had not been docketed, for some cause, and the circuit judge asked the clerk to docket same and let it be continued. Witness thereupon notified appellee, by letter, that the case had been continued. Appellant afterwards came in and got a default judgment, affirming the judgment of the justice of the peace against the appellee.

Judge Steel, who was the presiding judge of the circuit court at that time, testified that he remembered that the attorney for the appellee made application to him

for a continuance of the cause. The application was made while he was on the bench, the morning court convened. Witness did not find the case on the docket, but it was represented to witness that the appellee was sick, and Stuart, his counsel, had a letter to that effect, and asked witness to continue the case, and witness announced that the case would be continued. Witness did not know why the order was not made on the docket, unless it was because the case was not on the docket at the time he made the order. Witness did not remember directing the clerk to put it on the docket, but did remember telling him that he would continue the case. Afterwards the attorney for the appellant had the case docketed. He called witness' attention to a case he wanted put on the docket. Witness did not notice the case, and counsel took a judgment. At the time witness put the case on the docket, counsel took a judgment on an appeal case in which he filed the transcript himself. Witness at the time had forgotten his conversation with Stuart about it—did not suppose that the attorney for the appellant was present at the time witness told Stuart that the cause would be continued. Witness told Stuart that the case would be continued before counsel for the appellant put the cause on the docket.

The appellee testified that he was informed by his counsel that the case would not be called up at the April term, 1922, and the witness did not know that the case had been called until he got a letter from appellant's counsel telling witness that a judgment had been rendered against him. Witness was present three days at the beginning of the court.

The clerk of the court testified that he recalled docketing the case. He had the papers in his office. The fees for filing and docketing the case had not been paid, and therefore he had not docketed it before being requested to do so by appellant's counsel. Appellant's counsel paid the fees. Judge Steel was presiding. Witness placed the case upon the docket, and appellant's counsel called attention to the matter, stating the cir-

cumstances, and the circuit court rendered the judgment. For years all justice court cases were set for Tuesday of the court, and this case was not docketed on Tuesday because the fees were not paid. It was afterwards docketed on the 22d of April, 1922. Witness could not recall that the court told witness to put the case on the docket, and that it would be continued.

The attorney for the appellant testified that it had been the custom in the circuit court for years to set cases appealed from the justice court for Tuesday of the first week of court. Witness knew that an affidavit had been filed for an appeal in the justice court, but did not see the case on the docket in the circuit court, and, toward the end of the week, witness inquired of the clerk, and he said that he had the transcript, but that the fees were not paid. Witness asked the clerk to docket the case and accept the fees from witness. The clerk accepted the fees, and docketed the case in the presence of the circuit judge, and the circuit judge made a notation of that fact on the docket at the time. Prior to that time the attorney for the appellee had said nothing to witness about the case, the court had said nothing to witness about it, and the clerk had said nothing to witness about it. Witness never thought about it until they were winding up the things in the court. Witness had seen the appellee at the court the first two days. Witness did not notify the attorney for the appellee that he was having the case docketed.

Upon the above facts the court granted the appellee's motion, and entered an order vacating the judgment, from which is this appeal.

1. It clearly appears, from the testimony of the trial judge who rendered the judgment which this action seeks to vacate, that he would not have entered such judgment if it had occurred to him at the time that it was rendered in the case which he had told the attorney for the appellee he would continue. He had forgotten about it at the time, but he testified that he told the attorney for the appellee that he would continue the

case; and the attorney for the appellee testified that the judge asked the clerk of the court to docket the case and let it be continued. Thus it appears, from the undisputed testimony, that the case was continued by order of the circuit court, and, after it had been continued, the appellee was notified of that fact by his counsel. After the case was thus continued by the court, the court could not render judgment in the cause in favor of the appellant without setting aside the continuance and without notifying the appellee and his counsel of such action. The effect of rendering the judgment against the appellee, under these circumstances, was to deprive him of the right to be heard, and, so far as he was concerned, it was an unavoidable casualty. It was not any neglect of the appellee, but the oversight of the judge himself, that caused the judgment to be rendered against the appellee. "An act of the court shall injure no man," is an ancient maxim "founded upon justice and good sense; and affords a safe and certain guide for the administration of the law." Broom's Legal Maxims, p. 99; *Thweatt* v. *Knights and Daughters of Tabor,* 128 Ark. 269-272; *Berringer* v. *Stevens,* 145 Ark. 293-300.

2. The appellee alleged, in his complaint or motion to vacate, that appellant's pretended cause of action was for the sale price of a "punch-board," which was a gambling device. Appellee offered to prove that the contract for the purchase of the "punch-board" was made in this State, and asked to amend his motion so as to allege that the contract was made in this State. The court granted permission to amend. The appellant did not deny that the contract was made in this State.

This court, in *Eager* v. *Jonesboro, L. C. & E. Exp. Co.,* 103 Ark. 288-298, quoting from *Lindsey* v. *Rottaken,* 32 Ark. 619-631, said: "Any act which is forbidden, either by the common or the statutory law, whether it is *malum in se* or merely *malum prohibitum,* indictable or only subject to a penalty or forfeiture, or however otherwise prohibited by a statute or the common law, cannot be the foundation of a valid contract; nor can anything

auxiliary to or promotive of such act.'' See also. other cases there cited.

The appellee, by the above averment and offer of proof, made a *prima facie* showing of a valid defense to the action in which the judgment which he here seeks to vacate was obtained. *Citizens' Bank of Lavaca* v. *Barr,* 123 Ark. 443; *Osborne* v. *Lawrence,* 123 Ark. 447; *Jerome Hdw. Lbr. Co.* v. *Jackson-Vreeland,* 160 Ark. 303; *McDonald Land Co.* v. *Shapleigh Hdw. Co.,* 163 Ark. 524, and cases cited in above cases.

The judgment of the circuit court is correct. It is therefore affirmed.