THE SECURITY BANK OF BRANSON, MISSOURI *v.* SPEER.

4-6569                                        157 S. W. 2d 775

Opinion delivered January 19, 1942.

*Virgil D. Willis,* for appellant.
*Shouse & Shouse,* for appellee.

HOLT, J.    Appellant appeals from an order of the Boone chancery court which permitted appellees to redeem from a foreclosure sale.

The record reflects that appellees, Lee Speer and his wife, Iva Speer, were indebted to appellant, The Security Bank of Branson, Missouri, and to secure this indebtedness had executed a mortgage on land which they owned in Boone county.    Upon the failure of appellees to pay the debt when due, appellant on December 1, 1939, began foreclosure proceedings.    February 16, 1940, appellees filed their answer and a cross-complaint.    Answer to cross-complaint was filed November 7, 1940, a decree of foreclosure was entered on November 7, 1940, publication of notice of sale duly made in a Harrison, Arkansas, newspaper, and certificate of publication of notice of sale filed December 7, 1940.    The sale was approved, commissioner's deed ordered, made and acknowledged in open court, was dated December 31, 1940, and filed for record on February 12, 1941.

At the same term of the court at which all of the above proceedings in the foreclosure suit took place, and before the convening of the next regular term, the court, on March 1, 1941, on motion of appellees, and without any notice to appellant bank, entered an order in part as follows:

"On this day, it being a regular term of the September, 1940, term of court, come the defendants in this cause and file their motion to be permitted to pay off the judgment rendered in this cause and hold the land sold by orders of this court which is their home, and tendered into court the full amount of the judgment rendered in this cause, together with interest and costs, and the court after hearing said motion and being fully advised, finds:

"That the judgment in said cause was rendered during a day of the present term of court and that he now has jurisdiction of all his orders made at this term of the court.

"The court finds that the amount tendered in open court includes the full amount of the judgment with interest and all costs in said cause laid out and expended including commissioner's fees and the report of sale and the advertising of the sale. . . .

". . . that it would be right and equitable to all parties concerned to permit the defendants to pay the amount of the judgment, interest and costs and the order of sale, the sale and report of sale be canceled.

"It is, therefore, by the court considered, ordered and decreed that the order made at this term of the court for the sale of said land be set aside and held for naught; that the sale of said land being to the plaintiff herein who will receive the full amount of its judgment and costs and will not be injured be set aside and held for naught and that the report of the sale made by the commissioner herein be set aside and held for naught, and that the plaintiff, The Security Bank of Branson, Missouri, be divested of all rights, title and interest that it may have had or might have by reason of said sale and that all the rights, title and interest in said land be invested in the said defendants, Lee Speer and Iva Speer, as the same was before said sale. It is further ordered by the court that the clerk of this court by registered mail notify the plaintiff, The Security Bank of Branson, Missouri, of this decree."

Following this order, appellant was notified by registered letter of the court's action.

The question presented is: Did the court possess the power to set aside its decree in the foreclosure proceedings, cancel the commissioner's deed to appellant and permit appellees to redeem the property? We think it had such power.

There appears to be no rule of law better settled than that courts have the inherent power to control, or to

set aside, their judgments or decrees, without assigning cause, at the same term at which they were rendered.

While it is undisputed here that the court's action was taken without notice to appellant, and the rights of third parties had not intervened after the delivery of the commissioner's deed to appellant purchaser, the mortgagee, and the court possessed the power to make the order, since it was made during the same term at which the orders and decree in the foreclosure proceedings were made.

In *Wells Fargo & Company* v. *W. B. Baker Lumber Company,* 107 Ark. 415, 155 S. W. 122, this court said: "It is undisputed that the application to set aside the default judgment was made at the same term of court at which the judgment was rendered and shortly after its rendition.

" 'During the whole of the term, at which a judgment or order is rendered, it remains subject to the plenary control of the court, and may be vacated, set aside, modified or annulled. . . . This is a power inherent in all courts of general jurisdiction and is not dependent upon nor derived from the statutes.' 23 Cyc. 901.

"In *Ashley* v. *Hyde,* 6 Ark. 100, 42 Am. Dec. 685, this court said: 'During the term at which judgment is rendered, the power of every court of record to set aside, vacate and annul its judgments and orders, is undoubted. This is a power of daily exercise by the courts, in the granting of new trials, arrests of judgment and in other proceedings of like character. Its exercise and propriety cannot be questioned; it is based upon the substantial principles of right and wrong, and for the furtherance of justice.' . . .

"In *Aspen Mining & Smelting Co.* v. *Billings et al.,* 150 U. S. 31, 14 S. Ct. 4, 37 L. Ed. 986, Mr. Chief Justice FULLER, delivering the opinion of the Supreme Court of the United States, said: 'The general power of the circuit court over its own judgments, decrees and orders, during the existence of the term at which they are made, is undeniable, and an order allowing an appeal is subject to that power, so long as the appeal remains unperfected

and the cause has not passed into the jurisdiction of the appellate tribunal.' ''

In *Midyett v. Kerby,* 129 Ark. 301, 195 S. W. 674, this court said: '' (1) Appellant is correct in his contention that courts of record possess the inherent power to control their judgments during the term at which rendered. 23 Cyc. 901; *Underwood* v. *Sledge,* 27 Ark. 296; *Wells Fargo & Company* v. *W. B. Baker Lumber Company,* 107 Ark. 415, 155 S. W. 122.

'' (2) Possessing this inherent power to vacate judgments, it follows that the court may set aside judgments during the term at which rendered without notice to the parties. 23 Cyc. 952.

''While courts may exercise such power without such notice, it is not a practice to be encouraged.''

In *American Building & Loan Association* v. *Memphis Furniture Manufacturing Co.,* 185 Ark. 762, 49 S. W. 2d 377, this court said: ''It is to be remembered that the motion was filed at the same term of court at which the decree was rendered, and the rights of no third parties have intervened. It is settled law that courts have control over their orders, judgments and decrees during the term at which they were made, and for sufficient cause may, upon application or upon its own motion, modify or set them aside. *Underwood* v. *Sledge,* 27 Ark. 295; *Democrat Ptg. & Litho. Co.* v. *Van Buren County,* 184 Ark. 972, 43 S. W. 2d 1075.'' See, also, *Union & Planters Bank & Trust Co.* v. *Pope,* 176 Ark. 1023, 5 S. W. 2d 330.

Finding no error, the decree is affirmed.