THE SECURITY BANK OF BRANSON, MISSOURI, *v.* SPEER.

4-6795                                   162 S. W. 2d 891

Opinion delivered June 15, 1942.

*Virgil D. Willis,* for appellant.

*Shouse & Shouse,* for appellee.

HUMPHREYS, J. This is an appeal from a decree dismissing appellant's motion to set aside a decree rendered on the 31st day of December, 1940, by the chancery court of Boone county. The decree sought to be set aside was one canceling all the proceedings in a foreclosure suit between appellant and appellees during the September term, 1940, of the chancery court. The cancellation of the foreclosure proceedings included everything had and done therein at said September, 1940, term of court and amongst other things the cancellation of the deed of the commissioner of the said court conveying the lands described in the mortgage to appellant who was the purchaser of the lands at the mortgage sale, which sale and deed were confirmed by the court. These proceedings were canceled on March 1, 1941, which was the last day of the September, 1940, term, without notice to appellant and appellees were permitted to redeem the lands by paying into court the debt, interest and costs.

Appellant was notified of the action of the court by registered letter whereupon it filed a motion to set aside the court's decree canceling the foreclosure proceedings on the ground the court was without authority to set aside the foreclosure proceedings without notice or a hearing.

Later the appellant filed a motion to set aside the decree canceling the foreclosure proceedings because after acquiring its foreclosure deed it entered into a binding written contract to sell the lands to an innocent third party.

Answers were filed to both motions and the first motion was tried by the court resulting in a decree to the effect that it had control of the foreclosure proceedings during the term of the court at which all orders were made therein and had power and authority to cancel the proceedings and permit appellees to redeem the lands.

From this holding and decree an appeal was prosecuted to this court and was tried and an opinion rendered therein by this court on January 19, 1942, under the style of *The Security Bank of Branson, Missouri,* v. *Speer,* 203 Ark. 562, 157 S. W. 2d 775.

During the pendency of this appeal appellees filed a motion in this court to abate the appeal until the motion and answer thereto tendering the issue as to whether appellant had entered into a written contract of the sale of the lands to an innocent third party was tried in the chancery court. In order to prevent a continuance or abatement of the trial of the case on appeal appellant represented to the court that it had taken a nonsuit on its motion tendering the issue that it had sold the lands to an innocent third party after acquiring and recording its foreclosure deed.

This court overruled the motion to abate the appeal on the ground that appellant had taken a nonsuit of the issue tendered in its motion as to the sale of the lands to an innocent third party.

In due course this court rendered an opinion affirming the action of the chancellor in annulling and canceling all the foreclosure proceedings and permitting appellees to redeem said lands. The opinion appears in the 203 Ark. 562, 157 S. W. 2d 775.

After this opinion was handed down appellant filed the motion involved on this appeal to set aside the order and decree rendered by the chancery court on December 31, 1940, which, in substance, is the same motion that appellant took a nonsuit upon in the chancery court during the pendency of the appeal above referred to in 203 Ark. 562, 157 S. W. 2d 775. The trial court sustained a demurrer to the motion on the ground that it was *res adjudicata* of an issue between appellant and appellees to cancel and annul the order or decree of the court setting aside the foreclosure proceedings and permitting appellees to redeem the lands. We think the court properly sustained the demurrer to the motion because it was in tenor and effect the same motion involving the same issue which appellant dismissed or took a nonsuit upon

to prevent the continuance of the appeal until the issue was determined by the chancery court. Each of the two motions tendered the issue of whether appellant had sold the lands after acquiring its foreclosure deed to an innocent third party. The motion involved on this appeal presents no new issue between appellant and appellees, but involved the same issue contained in its original motion upon which it took a nonsuit during the pendency of the former appeal of the case to this court.

No error appearing, the decree is affirmed.