MISSOURI PACIFIC RAILROAD COMPANY v.
GEORGE ORSBURN

5-5940                                          481 S.W. 2d 356

Opinion delivered June 19, 1972

*W.J. Smith* and *J.D. Watson,* for appellant.

*Mathis* and *Sanders,* for appellee.

GEORGE ROSE SMITH, Justice. The principal question upon this appeal relates to the circuit court's power to set aside its own judgment in a nonjury case, during the same term of court at which the judgment was entered.

The appellee Orsburn recovered a $255 judgment for the value of a cow killed by one of the appellant's trains, plus a $25 penalty under Ark. Stat. Ann. § 73-624 (Repl. 1957). The railroad company filed a notice of appeal. The plaintiff then filed a motion for a new trial, although no reason for a new trial was stated. Within the term of court the trial judge entered an order (a) treating the notice of appeal as a motion for a new trial, (b) setting aside the judgment, and (c) granting the prayer "of both parties" for a new trial. The railroad company filed a second notice of appeal and now contends that both the original judgment and the order setting it aside should be reversed.

We have frequently said that a court has inherent power to set aside its judgments during the same term, without stating any reason for its action. Many such cases were cited in *Security Bank of Branson, Mo.* v. *Speer,* 203 Ark. 562, 157 S.W. 2d 775 (1942). The appellant, however, argues that in the first place we have decisions denying the trial court's unlimited power over its judgments during the term and that in the second place the former rule is outmoded and should be abandoned.

In making its first argument the appellant overlooks the fact that the cases which it cites were exceptions rather than contradictions to the basic rule. *Citizens Bank of La-*

*vaca* v. *Barr,* 123 Ark. 443, 185 S.W. 773 (1916), involved a default judgment. We followed the statute in holding that a meritorious defense must be shown before such a judgment can be set aside. Three of the cases cited had to do with the confirmation of judicial sales, with respect to which abuses of discretion have never been condoned. *Security Bank of Branson, Mo.* v. *Speer, supra: Summars* v. *Wilson,* 205 Ark. 923, 171 S.W. 2d 944 (1943); *Robbins* v. *Guy,* 244 Ark. 590, 426 S.W. 2d 393 (1968). The remaining case, *Big Rock Stone & Material Co.* v. *Hoffman,* 233 Ark. 342, 344 S.W. 2d 585 (1961), involved a judgment based upon a jury verdict. We construed the controlling statutes to mean that the trial court's broad power over its judgments during the term is not applicable to judgments entered upon jury verdicts. That holding was reaffirmed in *Henderson* v. *Skerczak,* 247 Ark. 446, 446 S.W. 2d 243 (1969). In the case at bar the trial was before the circuit judge sitting without a jury.

We do not agree with the appellant's insistence that the traditional common-law rule, upholding a court's control over its judgments during the term, is so nearly obsolete that it should be abandoned. Long long ago we observed that the power in question is based upon substantial principles of right and wrong and is to be exercised for the prevention of error and in furtherance of justice. *Ashley* v. *Hyde,* 6 Ark. 92, 42 Am. Dec. 683 (1845).

We adhere to that view. As a practical matter it often happens that a circuit judge or chancellor enters a judgment, order, or decree that contains some imperfection or leaves out some provision that should have been included. It is manifestly desirable that such errors be readily subject to prompt correction, without cumbersome procedures such as a showing of unavoidable casualty or an appeal to a higher court. The rule now in question supplies a simple but satisfactory solution to the problem. We recognize the inconvenience that may arise in rare instances when, as in the case at hand, the trial court utilizes the rule as a means of granting a completely new trial. Far more frequently the additional hearing is only a partial new trial, involving some particular issue that needs to be more fully developed. On balance the advantages of the rule decidedly outweigh its disadvantages; so it should be retained.

Inasmuch as a new trial is to be held, the errors which assertedly occured at the original hearing are not before us for review.

Affirmed.

BROWN, J., not participating.